Charles L. Murray III, Esq. SBN 195053
444 S. Flower St. Suite 2530
Los Angeles, CA 90071
Telephone: 213-627-5983
Facsimile: 213-627-6051
cmurray@cm3law.com

Attorney for Plaintiff Ji Young Kim, and G.F. Korea

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>**HANNAH KIM**<br><br>          **Debtor**<br><br>―――――――――――――<br><br>**G.F. KOREA, INC., and JI YOUNG KIM**<br><br>    **Plaintiffs,**<br><br>    **vs.**<br><br>**HANNAH KIM, an individual**<br><br>    **Defendant** | Case. No:     8:17-bk-11664-TA<br><br>Adv. No.<br><br>Hon: THEODOR ALBERT<br><br>Chapter 7<br><br>**PLAINTIFFS G.F. KOREA INC. AND JI YOUNG KIM'S COMPLAINT TO DETERMINE DISCHARGEABILITY PURSUANT TO 11 U.S.C. § 523(a)(2)(A); and for DENIAL OF DISCHARGE.**<br><br><br>**Status Conference:**<br>Date:    To Be Set by Summons<br>Time:    To Be Set by Summons<br>Location:  Ronald Reagan Courthouse<br>          411 W. Fourth Street, Courtroom 5B<br>          Santa Ana, CA 92701 |

1

**TO THE HONORABLE THEODOR ALBERT, FEDERAL BANKRUPTCY JUDGE, AND TO**

**DEBTOR HANNAH KIM AND HER ATTORNEY OF RECORD, AND TO ALL**

**INTERESTED PARTIES:**

Plaintiffs and Creditors G.F. Korea, Inc., and Ji Young Kim (hereinafter "Plaintiffs") as

unsecured creditors to the bankruptcy estate of In re Hannah Kim ("Debtor/Defendant") case No. 8:17-

bk-11664-TA holding an unsecured and contingent claim in the amount of $516,329.40 respectfully

represents and alleges with their Complaint seeking non-discharge of Debtor HANNAH KIM's debt

owed to Plaintiffs pursuant to 11 U.S.C. § 523(a)(2)(A) as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C.

§§ 151, 157, and 1334, 11 U.S.C. § 105, and 11 U.S.C. § 523, and Local Rules and Orders of the

United States District Court for the Central District of California governing the reference and conduct

of proceedings arising under or related to cases under Title 11 of the United States Code, including

General Order No. 266, dated October 9, 1984.

2.      This adversary proceeding is a core proceeding under 28 U.S.C. § 157.

3.      Venue is proper in this Court under 28 U.S.C. § 1409(a) as this adversary proceeding arises

under and in connection with a case under Title 11 which is pending in this district.

4.      This Adversary Proceeding arises out of and relates to the Chapter 7 bankruptcy case of *In*

*re Hannah Kim,* Case No. 8:17-bk-11664-TA, on the docket of this Court. The Debtor/Defendant's

bankruptcy case was commenced by the filing of a Voluntary Petition for Relief under Chapter 13 of

Title 11 of the United States Bankruptcy Code, on May 11, 2017.  The Court converted Debtor's case

to Chapter 7 on or around August 11, 2017.

5.      Plaintiffs are partially secured creditors with a contingent claim against the Debtor's

Bankruptcy Estate in an amount of at least $516,329.40 relating to fraud as found in Orange County

Superior Court Case No. 30-2014-00755207-CU-BT-CJC (*G.F. Korea, Inc. v. YehYang, Inc. et al*) and

ensuing jury verdict and Judgment (the "State Court Action").  A true and correct copy of said

judgment is attached and incorporated hereto as EXHIBIT 1.

6.      Debtor file post post-judgement motions, all of which were denied.  The Honorable Deborah Servino denied Debtor's Motion for New Trial and Motion for a Judgment Notwithstanding the Verdict (JNOV).

7.      Debtor HANNAH KIM, as the jury determined, was found liable for breach of fiduciary duty and participating in a fraud against JIYOUNG KIM and GF KOREA.  HANNAH KIM was found by the jury to act with malice, fraud and oppression and was subject to punitive damages.

8.      In addition HANNAH KIM was ordered to produce all documents reflecting her assets and liabilities at the punitive damage phase of the aforementioned matter.  Despite such a court order, HANNAH KIM concealed that she entered into an agreement with her lawyers, KRING and CHUNG LLP, in which she encumbered her residence with a lien literally on the last day of trial.  This encumbrance would reflect monies that were no even earned by KRING and CHUNG, in addition to monies the BANGS and YEHYANG would have been obligated to pay as employees are indemnified under the California Labor Code.

9.      The Debtor Defendant's mailing address from the Court's Docket is:

Ms. Hannah Kim 4371 Pioneer St. Irvine, CA 92604-2700

## STATEMENT OF STANDING.

10.      The Plaintiffs, as creditors of the Debtor's bankruptcy estate, have standing to prosecute this Adversary Proceeding under 11 U.S.C. § 523 *et seq*.

## GENERAL ALLEGATIONS.

11.      Plaintiff G.F. KOREA INC, and JI YOUNG KIM are informed and thereon believes and alleges the following facts to justify that their claim of approximately $516,329.40 not including additional attorneys' fees and any and all pre-petition interest, against the Debtor/Defendant HANNAH KIM shall be deemed non-dischargeable under Section 523(a)(2)(A) of the Bankruptcy Code.

## FACTUAL ALLEGATIONS.

3

12.    Plaintiffs and Creditors G.F. KOREA, INC. is a California corporation duly licensed and registered within the State of California by the Secretary of State of California.

13.    Plaintiff and Creditor JI YOUNG KIM is an individual residing in the County of Orange County, State of California.

14.    Plaintiffs G.F. KOREA, INC., and JI YOUNG KIM are cumulatively referred to as Plaintiffs in this action.

15.    Debtor/Defendant HANNAH KIM, an individual residing in the City of Irvine, in the County of Orange, State of California.

16.    Debtor/Defendant HANNAH KIM is an agent of YEHYAHG, INC.

17.    The true names and capacities, whether individual, corporate or otherwise of Defendants DOES 1 - 50, inclusive, are presently unknown to Plaintiff who therefore, sues said Defendants by such names. Plaintiffs will ask leave of Court to amend this Complaint to insert the true names and capacities when the same are ascertained. Plaintiffs are informed and believes and thereon alleges that each of the Defendants designated herein as a DOE is legally responsible and in some manner liable for the events and happenings herein referred to and caused damages proximately thereby to Plaintiff as herein alleged.

18.    Plaintiffs are informed and believes, and thereon allege that the acts and omissions of the Defendant as alleged herein were undertaken as the agent, partner, joint venturer, employee, co-beneficiary, trustee, and/or representative of each of the remaining Defendants and within the scope of said relationships, and were authorized and ratified by the remaining defendants.

19.    Plaintiffs have very limited language skills in English in both reading and writing. Plaintiffs' native language is Korean. At all times relevant all oral communications between Plaintiffs and Defendant KIM were in the Korean language.

20.    Plaintiff and her husband came to the United States to meet with IK SOO BANG, a local pastor of a for profit church located in Irvine, California.  After several short trips and vacations with the Plaintiff JI YOUNG KIM's children, the pastor IK SOO BANG offered to assist Plaintiff is obtaining a green card, through an E-2 Visa program.   IK SOO BANG took Plaintiff JI YOUNG KIM to a meeting with IK SOO BANG's personally immigration attorneys (at the office location of the law

4

firm of Kring & Chung LLP.).

21.    At their meeting Plaintiff was advised to purchase a small business and invest substantial capital in this business that complied with USCIS E-2 Visa program, for fast tracking of immigration visas to foreign nationals.  At this meeting it was disclosed that the "pastor's wife" HYE YOUNG BANG owned and operated several small businesses that met the USCS E-2 visa requirements.  It was suggested by IK SO BANG and HYE YOUNG BANG that Plaintiff purchase the Corean B.B.Q., a small restaurant located within a small market in Tustin, California, from the Pastor's wife, HYE YOUNG BANG.

22.    In or around December 2011 through July 2012 Defendants Hannah Kim and Ik Soo Bang and Hye Young Bang made verbal and written representations relating to the value, financial health, E-2 Visa compliance, lease agreement, and revenue of the Corea B.B.Q. business to plaintiffs.  In addition, Defendants Hannah Kim and Ik Soo Bang and Hye Young Bang made false representations regarding the need for money to be sent by Plaintiffs to operate Corea B.B.Q.  At the time these representations were made, the Defendants knew they were false or made them with reckless disregard of their truth as they alone admittedly possessed information that undermined the truthfulness of their representations.  Defendants even kept said information away from Plaintiffs.  Defendants made these representations with the intent to cause Plaintiffs to spend and send large amounts of money to Defendants.  Plaintiffs justifiably relied upon these representation based upon the experience claimed by the Defendants in operating Corea B.B.Q. and their position in the Church.  As a result of these false representations that were later proven at trial in the State Court Action, Plaintiffs suffered financial damages as set forth in the First Amended Judgment attached hereto as Exhibit "1".

23.    HYE YOUNG BANG had formed a corporation Yehyang, Inc., and Defendant/Debtor HANNAH KIM was an agent and officer of this corporation and was also operating the day to day operations of Corea B.B.Q. and therefore had direct knowledge of the financial viability of the Corea B.B.Q restaurant.  HYE YOUNG BANG owed a fiduciary duty to YEHYANG.

24.    JIYOUNG KIM and her husband JONG DAE LEE decided to put their life savings into investing in Corea BBQ with a goal of having a business that would financially support the family and allow their children to attend schools in the United States.

ADVERSARY COMPLAINT TO DETERMINE NON-DISCHARGEABILITY

25.     In order to facilitate this purchase, and with the assistance of IK SOO BANG and HYE YOUNG BANG, JIYOUNG KIM formed GF KOREA in order to purchase the Corea BBQ restaurant owned by HYE YOUNG BANG.  HANNAH KIM was appointed as a corporate officer of GF KOREA and assisted in opening a bank account for GF KOREA.

26.     HANNAH KIM then shockingly entered into a purchase sale agreement on behalf of GF KOREA, despite her remaining an officer of YEHYANG, the seller of the transaction.

27.     HANNAH KIM, IK SOO BANG and HYE YOUNG BANG knew they were selling a business to JIYOUNG KIM and GF KOREA that was essentially worthless because the business only had a month to month lease.

28.     Despite HANNAH KIM concealing the month to month lease to JIYOUNG KIM, HANNH KIM would make representations to the United States Government that the business could produce income for (5) years.  The BANGS made representations that KIM would be able to run the business for many years to come.

29.     Defendant IK SOO BANG and HYE YOUNG BANG, made numerous verbal and written representations that the "Corea B.B.Q." restaurant was making sufficient money to support Plaintiff's E-2 requirements.  Debtor HANNAH KIM specifically made representations to the United States Government on behalf of GF KOREA in order for GF KOREA to obtain visas for JIYOUNG KIM. HANNAH KIM made representations of sufficient income and projected positive cash flow for (5) years.  HANNAH KIM knew this was false as she had executed a lease which was only month to month.

30.     Defendant HANNAH KIM was also operating the Corea B.B.Q. restaurant and reported it was financially stable, in the black, and making approximately $17,000 per month in profits, enough to pay for Plaintiff JI YOUNG KIM's children to remain in California, receive an education in California under the oversight of the Bang's church.  Most importantly Defendants HANNAH KIM and the BANGS made representations that the Corea B.B.Q. restaurant was a viable E-2 visa approved business and was worth well in excess of the sales price in excess of $300,000.00 demanded by the Bangs and Defendant HANNAH KIM.  Furthermore, Defendant HANNAH KIM'S husband was a deacon and close friend of the BANGS, who also have been selling other businesses to Korean

ADVERSARY COMPLAINT TO DETERMINE NON-DISCHARGEABILITY

1    immigrants under the guise that they were also successful businesses that met the requirements of

2    USCIS E-2 visa requirements, and also provided enough financial security to support the potential

3    buyer's needs.  After purchasing the Corea B.B.Q. restaurant, Defendant HANNAH KIM requested

4    Plaintiff's send over large sums of money to keep the Corea B.B.Q. restaurant functioning.  However

5    Defendant HANNAH KIM gave these monies to her friend, Hye Young Bang, and Ik Soo Bang.

6        31.    At the times Defendant HANNAH KIM made these factual representations concerning the

7    financial condition and projected financial success of the Corea B.B.Q. to Plaintiff JI YOUNG KIM,

8    Defendant HANNAH KIM was not only an agent of the Bang's corporation YehYang, Inc., but also

9    operated and oversaw the daily operations of the Corea B.B.Q. restaurant. Defendant HANNAH KIM

10   was responsible for overseeing the financial affairs of the bookkeeping and payroll expenses for the

11   restaurant and therefore possessed specialized knowledge known to her and not Plaintiffs.  Defendant

12   HANNAH KIM represented the restaurant as profitable.

13       32.    Defendant HANNAH KIM, and the Bangs made these representations of the financial

14   health and viability of the Corea B.B.Q. to Plaintiff JI YOUNG KIM with knowledge of their falsity,

15   and/or reckless disregard of the representations truth as Defendant HANNAH KIM had exclusive and

16   specialized knowledge of the daily financial affairs of the Corea B.B.Q. restaurant's financial

17   operations.  Defendant HANNAH KIM also represented that the Corea B.B.Q. restaurant made

18   approximately $40,000 more dollars since the sale, but failed to explain that the restaurant was unable

19   to pay its bills, especially payroll.

20       33.    Defendants HANNAH KIM'S verbal false representations and/or omissions of the financial

21   health of the BANG'S Corea B.B.Q. restaurant were made with the intent to induce Plaintiff Ji Young

22   Kim to purchase the Corea B.B.Q. restaurant and invest approximately $300,000.00 into the business

23   that was later valued at substantially lower value than represented.  A further condition of the sale was

24   that Defendant HANNAH KIM would stay on to run the Corea B.B.Q. restaurant while Plaintiff JI

25   YOUNG KIM returned to Korea. Defendant HANNAH KIM, was reposed with a fiduciary duty by

26   and owed to Plaintiffs to run Corea B.B.Q. and to work in Plaintiffs' sole interest.  Defendant

27   HANNAH KIM breached this duty by misdirecting Plaintiffs' funds and continue in HANNAH

28   KIM'S false representations to Plaintiffs, in a scheme to obtain more and more money, that Defendant

ADVERSARY COMPLAINT TO DETERMINE NON-DISCHARGEABILITY

HANNAH KIM then secretly redirected to third parties, such as her husband and the BANGS, without the consent or knowledge of Plaintiffs.

34.    Plaintiff JI YOUNG KIM reasonably relied upon the representations of Defendant HANNAH KIM and the BANG'S because of their standing in the Ark of Love Church in Irvine, California, and specific verbal and written representations that HANNAH KIM and the BANGS knew about business in the United States, more so than Plaintiff JI YOUNG KIM, especially the Corea B.B.Q restaurant.  Therefore Plaintiff JI YOUNG KIM purchased the Corea B.B.Q. restaurant on or for approximately $250,000.00,  Plaintiffs then invested another $57,000.00.  Plaintiff later discovered with extra $57000.00 would be be used to reimburse HYE YOUNG BANG for paying "key money".

35.    HANNAH KIM would issue this reimbursement of $57,000.00 to HYE YOUNG BANG even though the purchase sale agreement did not require this. In. essence HANNAH KIM funneled money out of GF KOREA to HYE YOUNG BANG at the demand of HYE YOUNG BANG.

36.    Defendant HANNAH KIM requested Plaintiff JI YOUNG KIM, who had formed a corporation (Plaintiff G.F. Korea, Inc.), to send substantial funds from Korea to keep the Corea B.B.Q. restaurant afloat.  In addition, HANNAH KIM diverted these funds, including $80,000.00 to "Sabang" a company operated by her own husband, and also other large amounts of money to the BANG'S, applying little to none to the Plaintiff's Corea B.B.Q. restaurant. HANNAH KIM indeed testified in the State Court Trial that she had not deposited large amounts of money sent by Plaintiff JI YOUNG KIM into JI YOUNG KIM'S G.F. Korea, Inc.'s bank account.  Moreover, Defendant HANNAH KIM represented that additional money was needed to pay for the maintenance, health and support of Plaintiff JI YOUNG KIM'S young children who were staying with the BANGS.

37.    As the result of Plaintiff's reasonable reliance in these representations made by Defendant HANNAH KIM and the BANG'S, Plaintiffs' JI YOUNG KIM and her company G.F. KOREA, INC., suffered financial harm approximating $516,329.40.

38.    On September 28, 2016 and September 29, 2016 the Jury in the State Court Action returned an overwhelming verdict that Defendant HANNAH KIM, and the BANGS'S were liable for fraud, and had acted with *fraud, oppression and/or malice* warranting imposition of punitive damages pursuant to California Civil Code § 3294 "despicable" standards.  The Jury made the finding of *fraud, oppression*

8

*and/or malice* by a finding of "clear and convincing evidence" against Defendant HANNAH KIM, who was help joint and severally liable for all fraud related damages, and an additional $150,000 in punitive damages for her "despicable" conduct.

39.     At all times the aforementioned conduct of Debtor/Defendant HANNAH KIM'S was despicable and committed with malice, fraud, and oppression, to subject Defendant/Debtor to punitive damages under Ca. Civil Code § 3294.

40.     On or around June 26, 2017 this Court granted Plaintiffs Motion to convert Debtor/Defendant Chapter 13 bankruptcy petition to Chapter 7, due to ineligibility under 11 U.S.C. § 109(e).

## FIRST CAUSE OF ACTION

### (Denial of Discharge - Fraud Against

### Defendant HANNAH KIM and Doe Defendants)

### [11 U.S.C. § 523(a)(2)(A)]

41.     Plaintiffs incorporate by reference each and every allegation, including paragraphs 1-27 herein, as though fully set forth herein.

42.     Debtor/Defendant HANNAH KIM made false representations and/or concealed material facts from Plaintiffs that were material to the sale of the Corea B.B.Q. restaurant.

43.     Debtor/Defendant HANNAH KIM'S knew these representation were false or made them with reckless disregard of their truth, and/or concealment of facts related to the true sales value, lease deficiencies, and financial health for Corea B.B.Q. as represented to Plaintiffs.

44.     That Defendant HANNAH KIM made these misrepresentations and/or omissions with the intent to cause Plaintiffs to purchase the failing Corea B.B.Q. restaurant from her friend, the BANGS

45.     Plaintiffs reasonably relied upon Defendant HANNAH KIM'S knowingly false and/or reckless representations, and/or concealment of facts by Debtor/Defendant HANNAH KIM and the Bangs' were false due to their status in the local church, the Defendant's claimed specialized and exclusive knowledge of the Corea B.B.Q. restaurant.  Defendant HANNAH KIM'S conduct induced Plaintiff's reliance, and played a substantial factor in inducing Plaintiffs to act by spending hundreds of thousands of dollars for the purchase of Corea B.B.Q. restaurant and its purported operating expenses.

46.     As a result of Defendant HANNAH KIM'S aforementioned conduct, Plaintiffs have been damaged in an amount approximating $516,329.40 inclusive of compensatory, exemplary damages, and attorney fees and costs, and state based interest calculated at 10% per annum.

47.     Pursuant to U.S.C. § 523(a)(2)(A), the Court shall except from the Debtor/Defendant discharge any debt:

    (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not

        discharge an individual debtor from any debt—

            (2) for money, property, services, or an extension, renewal, or refinancing of credit, to

                the extent obtained by—

                (A) <u>false pretenses, a false representation, or actual fraud</u>, other than a statement

                    respecting the debtor's or an insider's financial condition;

48.     Plaintiffs are informed and thereon believes that as a result of the intentional fraudulent conduct committed by Debtor/Defendant HANNAH KIM upon Plaintiffs, said damages caused by Debtor/Defendant HANNAH KIM approximating $516,329.40 inclusive of compensatory, exemplary damages, and state based interest calculated at 10% per annum, should be declared exempted from discharge under 11 U.S.C. § 523(a)(4).

**WHEREFORE,** Plaintiffs JI YOUNG KIM and G.F. KOREA prays for judgment under Section 523(a)(2)(A) of the Bankruptcy Code against Debtor/Defendant HANNAH KIM as follows:

### <u>ON THE FIRST CAUSE OF ACTION</u>

49.     That Plaintiff HEE claims that total in the approximate amount of $516,329.40, plus accrued interest, against Debtor/Defendant KIM and in favor of Plaintiffs be deemed non-dischargeable under Section 523(a)(2)(A) of the Bankruptcy Code, for fraud committed against Plaintiffs.

### <u>AS TO ALL CAUSES OF ACTION.</u>

ADVERSARY COMPLAINT TO DETERMINE NON-DISCHARGEABILITY

1

2  50.  For all fees and costs as provided under the law; and

3

4  51.  For all further relief and the Court deems just and proper.

5

6

7

8 Dated: March 21, 2018      By: _____

9              CHARLES L. MURRAY III
               Attorney for Plaintiff/Creditor
10             JI YOUNG KIM and
               G.F. KOREA, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ADVERSARY COMPLAINT TO DETERMINE NON-DISCHARGEABILITY

# EXHIBIT "1"

ADVERSARY COMPLAINT TO DETERMINE NON-DISCHARGEABILITY

ELECTRONICALLY RECEIVED
Superior Court of California,
County of Orange
12/16/2016 at 05:48:23 PM
Clerk of the Superior Court
By Enrique Velez,Deputy Clerk

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CE----

JAN 1 0 2017

DAVID H. YAMASAKI, Clerk of the Court

BY_____ DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ORANGE-CENTRAL JUSTICE CENTER

|  |  |
|---|---|
| G. F. KOREA, INC., | ) Case No. 30-2014-00755207-CU-BT-CJC |
| Plaintiff, | ) |
| vs. | ) Assigned for All Purposes To: |
|  | ) Judge:   Hon. Deborah Servino |
| YEHYANG, INC., et al., | ) |
| Defendants. | ) |
|  | ) [PROPOSED] FIRST AMENDED |
|  | ) JUDGMENT |
|  | ) |
|  | ) |
|  | ) |
|  | ) |
|  | ) |

This cause came on regularly for trial on August 22, 2016 in Department C-23, the Honorable Deborah C. Servino, Judge of the Superior Court, presiding.  Plaintiffs G.F. Korea, Inc. and JiYoung Kim and Cross–Defendants G.F. Korea, Inc., JiYoung Kim and Jong Dae Lee appeared by and through attorney Charles L. Murray III of the Law Office of Charles L. Murray III, their attorney.  Defendants Yehyang, Inc., Ik Soo Bang, Hye Young Bang, and Hannah Kim and Cross-Complainants Hye Young Bang, and Hannah Kim appeared by and through attorney Matthew Reynolds of Kring & Chung, LLP, their attorney.

The trial was bifurcated. The first phase of the trial consisted of the liability issues on Plaintiffs

1

First Amended JUDGMENT

1   and Cross–Defendants G.F. Korea, Inc. and JiYoung Kim Complaint, and Defendants and Cross-

2   Complainants Yehyang, Inc., Hye Young Bang, and Hannah Kim Cross-Complaint; the Second Phase

3   would consist of punitive damages. A jury of twelve persons was regularly empanelled and sworn to

4   try the action.  On September 28, 2016 the Jury returned its verdict on the First Phase.  On September

5   29, 2016 the Jury returned its verdict on the Second Phase.

6

7               **FIRST PHASE OF THE TRIAL-SPECIAL VERDICT FORM**

8           After hearing the evidence, arguments of counsel, and instructions of the Court, and the

9   following questions as stipulated to by the parties, the jury deliberated and unanimously returned the

10  special verdict on the first phase-complaint, of the trial that stated:

11

12  For each claim, select one of the two options listed and answer any follow-up questions.

13

14      1.  On Hannah Kim's claim against G.F. Korea for unpaid overtime

15          _____  we find in favor of Hannah Kim and against G.F. Korea.

16          __X__  we find in favor of G.F. Korea against Hannah Kim.

17          If you find in favor of Hannah Kim, what is the amount of wages owed? $ _____.

18

19      2.  On Hannah Kim's claim against G.F. Korea for unpaid minimum wages

20          _____  we find in favor of Hannah Kim and against G.F. Korea.

21          __X__  we find in favor of G.F. Korea and against Hannah Kim.

22          If you find in favor of Hannah Kim, what is the amount of wages owed? $ _____.

23          If you find in favor of Hannah, how many hours was Hannah Kim paid less than the minimum

24          wage? _____ hours.

25

26      3.  On Hannah Kim's claim against G.F. Korea for unpaid meal premiums

27          _____  we find in favor of Hannah Kim and against G.F. Korea.

28          __X__  we find in favor of G.F. Korea and against Hannah Kim.

2

First Amended JUDGMENT

If you find in favor of Hannah Kim, what is the amount of wages owed? $ ____.

4. On Hannah Kim's claim against G.F. Korea for unpaid rest premiums

_____ we find in favor of Hannah Kim and against G.F. Korea.

__X__ we find in favor of G.F. Korea and against Hannah Kim.

If you find in favor of Hannah Kim, what is the amount of wages owed? $ ____.


5. On Hannah Kim's claim against G.F. Korea for unpaid/untimely wages

_____ we find in favor of Hannah Kim and against G.F. Korea.

__X__ we find in favor of G.F. Korea and against Hannah Kim.

If you find in favor Hannah Kim, what are the total amount of wages owed? $ ____.

If you find in favor of Hannah Kim, how many calendar days did G.F. Korea fail to pay/tender

payment of the full amount of Hannah Kim's wages? ____ days.

What was Hannah Kim's daily wage rate at the time G.F. Korea failed to pay/tender payment

of her wages? $ ____ per day.


6. On Hannah Kim's claim against G.F. Korea for wages not timely paid upon termination

_____ we find in favor of Hannah Kim and against G.F. Korea.

__X__ we find in favor of G.F. Korea and against Hannah Kim.

If you find in favor of Hannah Kim, how many calendar days following Hannah Kim's last day

of employment did G.F. Korea fail to pay/tender payment of the full amount of Hannah Kim's

wages? ____ days.

What was Hannah Kim's daily wage rate at the time G.F. Korea failed to pay/tender payment

of her wages $ ____ per day.

If you find in favor of Hannah Kim, what are the total amount of wages owed? $ ____.


7. On Hannah Kim's claim against G.F. Korea for failure to provide itemized wage statement:

_____ we find in favor of Hannah Kim and against G.F. Korea.

__X__ we find in favor of G.F. Korea and against Hannah Kim.

3

First Amended JUDGMENT

If you find in favor of Hannah Kim, how many pay periods did G.F. Korea fail to provide an itemized wage statement? _____ pay periods.

We award Hannah Kim the following damages: $ _____.

8. On Hye Young Bang's claim against Ji Young Kim for common count for work and labor services

_____ we find in favor of Hye Young Bang and against Ji Young Kim.

__X__ we find in favor of Ji Young Kim and against Hye Young Bang.

9. On Hye Young Bang's claim against Jong Dae Lee for common count for work and labor services

_____ we find in favor of Hye Young Bang and against Jong Dae Lee.

__X__ we find in favor of Jong Dae Lee and against Hye Young Bang.

10. On Hye Young Bang's claim against Ji Young Kim for breach of oral contract

_____ we find in favor of Hye Young Bang and against Ji Young Kim.

__X__ we find in favor of Ji Young Kim and against Hye Young Bang.

11. On Hye Young Bang's claim against Jong Dae Lee for breach of oral contract

_____ we find in favor of Hye Young Bang and against Jong Dae Lee.

__X__ we find in favor of Jong Dae Lee and against Hye Young Bang.

If you find in favor of Hye Young Bang on at least one of her claims against Ji Young Kim or Jong Dae Lee in Questions 8-11,

How much do you award Hye Young Bang in damages? $ _____.

12. On Hye Young Bang's claim against Ji Young Kim for breach of loan agreement

_____ we find in favor of Hye Young Bang and against Ji Young Kim.

__X__ we find in favor of Ji Young Kim and against Hye Young Bang.

4

First Amended JUDGMENT

13. On Hye Young Bang's claim against Jong Dae Lee for breach of loan agreement

_____ we find in favor of Hye Young Bang and against Jong Dae Lee.

__X__ we find in favor of Jong Dae Lee and against Hye Young Bang.

14. On Hye Young Bang's claim against G.F. Korea for breach of loan agreement

_____ we find in favor of Hye Young Bang and against G.F. Korea.

__X__ we find favor of G.F. Korea and against Hye Young Bang.

If you find in favor of Hye Young Bang on at least one of her claims against Ji Young Kim, Jong Dae Lee, or G.F. Korea in Questions 12-14,

How much do you award Hye Young Bang in damages? $ _____.

15. On G.F. Korea's claim against Yehyang, Inc. for breach of contract

__X__ we find in favor of G.F. Korea and against Yehyang, Inc. and award damages to G.F. Korea in the amount of **$ 1.00**.

_____ we find in favor of Yehyang, Inc. and against G.F. Korea.

16. On G.F. Korea's claim against Hye Young Bang for money had and received

__X__ we find in favor of G.F. Korea and against Hye Young Bang and award damages to G.F. Korea in the amount of **$ 66,300.00**.

_____ we find in favor of Hye Young Bang and against G.F. Korea, Inc.

17. On G.F. Korea's claim against Hannah Kim for breach of fiduciary duty

__X__ we find in favor of G.F. Korea against Hannah Kim and award damages to G.F. Korea in the amount of **$ 30,000.00**.

_____ we find in favor of Hannah Kim and against G.F. Korea.

18. On G.F. Korea's claim against Hye Young Bang for fraud

__X__ we find in favor of G.F. Korea and against Hye Young Bang.

1    _____ we find in favor of Hye Young Bang and against G.F. Korea.

2

3    19. On G.F. Korea's claim against Ik Soo Bang for fraud

4        __X__ we find in favor of G.F. Korea and against Ik Soo Bang.

5        _____ we find in favor of Ik Soo Bang and against G.F. Korea.

6

7    20. On G.F. Korea's claim against Hannah Kim for fraud

8        __X__ we find in favor of G.F. Korea against Hannah Kim.

9        _____ we find in favor of Hannah Kim and against G.F. Korea.

10

11   21. On G.F. Korea's claim against Yehyang, Inc. for fraud

12       __X__ we find in favor of G.F. Korea and against Yehyang, Inc.

13       _____ we find in favor of Yehyang, Inc. and against G.F. Korea.

14       If you find in favor of G.F. Korea on at least one of its claims against Yehyang, Inc., Hye

15       Young Bang, Hannah Kim, or Ik Soo Bang in Questions 18-21, how much do you award G.F.

16       Korea in damages? **$ 286,526.33**.

17

18   22. On Ji Young Kim's claim against Hye Young Bang for fraud

19       __X__ we find in favor of Ji Young Kim and against Hye Young Bang.

20       _____ we find in favor of Hye Young Bang and against Ji Young Kim.

21

22   23. On Ji Young Kim's claim against Ik Soo Bang for fraud

23       __X__ we find in favor of Ji Young Kim and against Ik Soo Bang.

24       _____ we find in favor of Ik Soo Bang and against Ji Young Kim.

25

26   24. On Ji Young Kim's claim against Yehyang, Inc. for fraud

27       __X__ we find in favor of Ji Young Kim and against Yehyang, Inc.

28       _____ we find in favor of Yehyang, Inc. and against Ji Young Kim.

6

*First Amended* JUDGMENT

1        If you find in favor of Ji Young Kim's on at least one of its claims against Hye Young Bang, Ik

2    Soo Bang, or Yehyang, Inc. in Questions 22-24, how much do you award Ji Young Kim in

3    damages? **$ 1.00**.

4

5        If you found in favor of G.F. Korea or Ji Young Kim in any of the questions listed in Questions

6   18 through 24, please answer the questions as to those defendant(s) whom you found against.

7        We answer the questions submitted to us as follows:

8

9    25. Did Hye Young Bang engage in the conduct with malice, oppression, or fraud?

10

11      __X__ Yes _____ No

12

13    26. Did Ik Soo Bang engage in the conduct with malice, oppression, or fraud?

14

15      __X__ Yes _____ No

16

17    27. Did Hannah Kim engage in the conduct with malice, oppression, or fraud?

18

19      __X__ Yes _____ No

20

21    28. Was the conduct constituting malice, oppression, or fraud committed by one or more officers,

22    directors, or managing agents of Yehyang, Inc. acting on behalf of Yehyang, Inc.?

23

24      __X__ Yes _____ No

25

26    Signed: */s Presiding Juror*

27        Presiding Juror

28    Dated: September 28, 2016

First Amended JUDGMENT

After all verdict forms have been signed, notify the court attendant that you are ready to present your verdict in the courtroom.

## SECOND PHASE -PUNITIVE DAMAGES

**SPECIAL VERDICT FORM – HANNAH KIM - PUNITIVE DAMAGES**

We, the jury, in the above entitled action, answer the following questions submitted to us as follows:

Having found Defendant HANNAH KIM, by clear and convincing evidence, to have acted by fraud, oppression or malice, we award JI YOUNG KIM and G.F. KOREA, INC. the following punitive damages:

$:    **150,000.00**

Dated: September 29, 2016    Signed:    */s Presiding Juror*
"Presiding Juror"

**SPECIAL VERDICT FORM - HYE YOUNG BANG - PUNITIVE DAMAGES**

We, the jury, in the above entitled action, answer the following questions submitted to us as follows:

Having found Defendant HYE YOUNG BANG, by clear and convincing evidence, to have acted by fraud, oppression or malice, we award JI YOUNG KIM and G.F. KOREA, INC. the following punitive damages:

$:    **500,000.00**

Dated: September 29, 2016    Signed:    */s Presiding Juror*
"Presiding Juror"

8

First Amended JUDGMENT

**SPECIAL VERDICT FORM – IK SOO BANG - PUNITIVE DAMAGES**

We, the jury, in the above entitled action, answer the following questions submitted to us as follows:

Having found Defendant IK SOO BANG, by clear and convincing evidence, to have acted by fraud, oppression or malice, we award JI YOUNG KIM and G.F. KOREA, INC. the following punitive damages:

$:    **500,000.00**

Dated: September 29, 2016          Signed:          _/s Presiding Juror_

"Presiding Juror"

**SPECIAL VERDICT FORM – YEHYANG, INC. - PUNITIVE DAMAGES**

We, the jury, in the above entitled action, answer the following questions submitted to us as follows:

Having found Defendant YEHYANG, INC., by clear and convincing evidence, to have acted by fraud, oppression or malice, we award JI YOUNG KIM and G.F. KOREA, INC. the following punitive damages:

$:    **150,000.00**

Dated: September 29, 2016          Signed:          _/s Presiding Juror_

"Presiding Juror"

First Amended JUDGMENT

1    **NOW, THEREFORE, IT IS ADJUDGED, ORDERED AND DECREED** that judgment be entered

2    in as follows:

3

4         **As to the Cross-Complainants' Cross-Complaint**

5         The Court orders judgment in favor of Cross Defendant G.F. Korea Inc. and against Cross-

6    Complainant Hye Young Bang.

7         The Court orders judgment in favor of Cross-Defendant Jiyoung Kim and against Cross-

8    Complainant Hye Young Bang.

9         The Court orders judgment in favor of Cross-Defendant Jong Dae Lee and against Cross-

10   Complainant Hye Young Bang.

11        The Court orders judgment in favor of Cross-Defendant G.F. Korea Inc. and against Cross-

12   Complainant Hannah Kim.

13

14        **As to the Plaintiffs' Complaint**

15        Wherein Plaintiff G.F. Korea Inc. elects the cause of action for Fraud against Yehyang, Inc.

16   instead of the cause of action for Breach of Contract.

17        The Court orders judgment in favor of Plaintiffs G.F. Korea Inc. and Jiyoung Kim against

18   Defendants Yehyang, Inc., Ik Soo Bang, Hye Young Bang, and Hannah Kim, on Defendants Yehyang,

19   Inc., Ik Soo Bang, Hye Young Bang, and Hannah Kim's by a finding of clear and convincing evidence

20   of malice, oppression or fraud, in the following amounts:

21

22        **As to Fraud**

23        Judgment in favor of G.F. Korea, Inc., and joint and severally against Defendants Yehyang,

24        Inc. and Ik Soo Bang and Hye Young Bang and Hannah Kim, for Fraud, in compensatory

25        damages of $286,526.33. **Totaling $ 286,526.33**

26

27        In addition to the foregoing, Judgment in favor of Jiyoung Kim and joint and severally against

28        Defendants Yehyang, Inc. and Ik Soo Bang and Hye Young Bang and Hannah Kim, for Fraud,

10

*First Amended* JUDGMENT

in compensatory damages of $1.00. **Totaling $ 1.00**

**As to Money Had Received**

In addition to the foregoing, Judgment in favor of G.F. Korea Inc. against Hye Young Bang, for Money Had Received, in compensatory damages of $66,300.00: **Totaling $66,300.00**

**As to Breach of Fiduciary Duty**

In addition to the foregoing, Judgment in favor of G.F. Korea Inc. against Hannah Kim, for Breach of Fiduciary Duty, in compensatory damages of $30,000.00: **Totaling $30,000.00**

**As to Punitive Damages**

In addition to the foregoing, Judgment in favor of G.F. Korea, Inc. and Ji Young Kim, and against defendant Hannah Kim in the amount for $150,000.00 for punitive damages: **Totaling $ 150,000.00**

In addition to the foregoing, Judgment in favor of G.F. Korea, Inc. and Ji Young Kim, and against defendant Yehyang, Inc. in the amount for $150,000.00 for punitive damages: **Totaling $ 150,000.00**

In addition to the foregoing, Judgment in favor of G.F. Korea, Inc. and Ji Young Kim, and against defendant Ik Soo Bang in the amount for $500,000.00 for punitive damages: **Totaling $ 500,000.00**

In addition to the foregoing, Judgment in favor of G.F. Korea, Inc. and Ji Young Kim, and against defendant Hye Young Bang in the amount for $500,000.00 for punitive damages: **Totaling $ 500,000.00**

11

First Amended JUDGMENT

1    In addition to the foregoing sums, Plaintiffs and Cross Defendants GF KOREA, INC. and

2   JIYOUNG KIM and Defendant JONG DAE LEE are awarded costs, joint and severally, against

3   Defendants Yehyang, Inc. and Ik Soo Bang and Hye Young Bang and Hannah Kim in the amount of

4   $23,619.09

5

6    All sums awarded hereunder will bear interest at the legal rate of 10% per annum from the date

7   of the judgment is entered until paid.

8

9   Dated: 1/10/2017

10                                                      Hon. Deborah C. Servino
                                                        Judge of the Superior Court
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

First Amended JUDGMENT

| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |
|---|---|

| **PLAINTIFFS**<br>G.F. KOREA, INC., and JI YOUNG KIM | **DEFENDANTS**<br>HANNAH KIM |
|---|---|

| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Charles L. Murray III<br>444 S. Flower St. Suite 2530<br>Los Angeles, CA 90071<br>(213)627-5983 | **ATTORNEYS** (If Known)<br>Dana M Douglas<br>4712 Admiralty Way #1001<br>Marina del Rey, CA 90292<br>*Tel: 818-360-8295* |
|---|---|

| **PARTY** (Check One Box Only) | **PARTY** (Check One Box Only) |
|---|---|
| ☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor   ☐ Other<br>☐ Trustee | ☑ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

In September 2016 Plaintiffs obtained a state court judgment against Debtor Hannah Kim for fraud, including punitive damages by clear and convincing evidence, in the amount of $516,329.40.  Plaintiffs therefore seek non-discharge of this debt pursuant to 11 U.S.C. § 523(a)(2)(A).

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11 - Recovery of money/property - § 542 turnover of property
☐ 12 - Recovery of money/property - § 547 preference
☐ 13 - Recovery of money/property - § 548 fraudulent transfer
☐ 14 - Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21 - Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31 - Approval of sale of property of estate and of co-owner – § 363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41 - Objection / revocation of discharge – § 727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51 - Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66 - Dischargeability - § 523(a)(1),(14),(14A) priority tax claims
☑ 62 - Dischargeability - § 523(a)(2), false pretenses, false representation, actual fraud
☐ 67 - Dischargeability - § 523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61 - Dischargeability - § 523(a)(5), domestic support
☐ 68 - Dischargeability - § 523(a)(6), willful and malicious injury
☐ 63 - Dischargeability - § 523(a)(8), student loan
☐ 64 - Dischargeability - § 523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65 - Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71 - Injunctive relief - reinstatement of stay
☐ 72 - Injunctive relief - other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81 - Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91 - Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01 - Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§ 78aaa *et.seq.*
☐ 02 - Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☑ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>HANNAH KIM | | BANKRUPTCY CASE NO.<br>8:17-bk-11664-TA |
| DISTRICT IN WHICH CASE IS PENDING<br>Central District of California | DIVISIONAL OFFICE<br>Santa Ana | NAME OF JUDGE<br>Hon. Theodor Albert |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |

SIGNATURE OF ATTORNEY (OR PLAINTIFF)

| DATE<br>March 21, 2018 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Charles L. Murray III |
|---|---|

# INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and the defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and in the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br><br>Charles L. Murray III  SBN:  195053<br>Law Office of Charles L. Murray<br>444 S. Flower St. Suite 2530<br>Los Angeles, CA 90071<br>Ph. (213)627-5983<br>cmurray@cm3law.com<br><br><br>*Attorney for Plaintiff* | FOR COURT USE ONLY |
|---|---|

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| In re:<br>HANNAH KIM<br><br><br><br><br>Debtor(s). | CASE NO.: 8:17-bk-11664-TA<br><br>CHAPTER: 7<br><br>ADVERSARY NO.: |
|---|---|
| G.F. KOREA, INC., and JI YOUNG KIM<br><br><br>Versus                        Plaintiff(s)<br><br>HANNAH KIM<br><br><br><br>Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** |

TO THE DEFENDANT:  A Complaint has been filed by the Plaintiff against you.  If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint.  You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page.  The deadline to file and serve a written response is _____.  If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

> **Hearing Date:** _____    **Address:**
> **Time:** _____                  ☐ 255 East Temple Street, Los Angeles, CA 90012
> **Courtroom:** _____             ☐ 3420 Twelfth Street, Riverside, CA 92501
>                                      ☐ 411 West Fourth Street, Santa Ana, CA 92701
>                                      ☐ 1415 State Street, Santa Barbara, CA 93101
>                                      ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**You must comply with LBR 7016-1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference. A court-approved joint status report form is available on the court's website (LBR form F 7016-1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016-1.STATUS.REPORT.ATTACH). If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**


                                        **KATHLEEN J. CAMPBELL**
                                        **CLERK OF COURT**



Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: _____



                                    By: _____
                                            Deputy Clerk

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:


A true and correct copy (1) of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** and (2) the accompanying pleading(s) entitled:

_____

_____

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____     _____     _____
Date                                    Printed Name                                         Signature

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.