William M. Burd (State Bar No. 90801)
Bill@ringstadlaw.com
RINGSTAD & SANDERS LLP
4343 Von Karman Avenue, Suite 300
Newport Beach, CA 92660
Telephone: 949-851-7450
Facsimile: 949-851-6926

Proposed Counsel for Karen Sue Naylor,
Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| In re | Case No. 8:17-bk-11664 TA |
|---|---|
| HANNAH KIM | Chapter 7 |
| Debtor. | **REPLY TO OPPOSITION OF KRING & CHUNG, LLP TO MOTION TO EMPLOY SUBSTITUTE GENERAL COUNSEL FOR CHAPTER 7 TRUSTEE** |
| | Hearing:<br>Date:  May 22, 2018<br>Time: 11:00 a.m.<br>Courtroom: 5B |

TO THE HONORABLE THEODOR C. ALBERT, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND OBJECTING CREDITOR, KRING & CHUNG, LLP AND ITS COUNSEL:

Generally speaking an application by a Chapter 7 trustee to employ general counsel only implicates Bankruptcy Code Sections 327 and 328.  Section 327 sets forth the minimum requirements which must be met, "the applicant may not hold an interest which is adverse to the estate, and must be "disinterested", as defined in § 101(13)" *In re Glosser Bros., Inc.* 102 B.R. 38, 39 (Bankr. W.D. Penn. 1989) citing *In re D.L. Enterprises*, 89 B.R. 107 (Bankr. C.D. CA 1988). The Court must also find that the employment is in the best interests of the estate. *Id. at 39*.

It is standard practice for law firms to disclose the professionals employed by the firm so that the court and parties in interest can determine whether or not the firm is in fact disinterested. Federal Rule of Bankruptcy Procedure 2014 implements the conflict of interest provision set forth in Section 327 by requiring numerous disclosures including "all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the Office of the United States trustee." Rule 2014(b) provides that if an attorney or law firm is authorized to be employed then any member or regular associate of the firm may act as attorney for the trustee without further order of the court.

The objection filed by Kring & Chung, LLP does not address any issue implicated by Sections 327 or 328 of the Bankruptcy Code. The specific objections are:

1. Six attorneys (including the trustee) seek the authority to bill fees in this matter without further specificity and/or limitations;

2. There have been no disclosures regarding the aggregate of the current fees and expenses for the Chapter 7 Trustee, her prior firm and the new proposed firm; and

3. Proposed counsel for the Chapter 7 Trustee might be performing services required of the Chapter 7 Trustee under 11 U.S.C. § 326(a).

The objection is rather curious in light of the fact that Kring & Chung, LLP asserts that it is a fully secured creditor, and therefore will not be impacted in the least by any administrative costs incurred in this case, and the fact that the trustee previously employed her prior firm without objection by Kring & Chung.

The three issues raised by Kring & Chung are all appropriately addressed at a hearing on a

fee application and have no bearing whatsoever on an application for an order authorizing employment. As previously noted, listing the professionals employed by the firm is to enable parties in interest to ascertain whether or not the firm is, in fact, disinterested. In addition, Kring & Chung, LLP surely cannot be objecting to the utilization of attorneys with a lower hourly billing rate if that will realize a savings for the estate. Disclosure of any fees incurred to date is meaningless since, as previously noted, Kring & Chung, LLP asserts that it is fully secured and, at this time, the case is a no asset case. As far as performing services required of the Chapter 7 trustee, the Motion specifically states in paragraph 5 that counsel does not intend to perform trustee services and in paragraph 4 of the Declaration of Nanette D. Sanders in support of the Application. Should these representations prove to be inaccurate, the matter can be addressed by the Court at a hearing on a fee application.

As previously noted, the Court approved the employment of Burd & Naylor without objection by Kring & Chung, LLP. The filing of the Motion to Employ Substitute Counsel was necessitated by the fact that Burd & Naylor ceased the practice of law effective March 31, 2018, the Trustee became a partner of Ringstad & Sanders, LLP effective April 1, 2018 and William M. Burd became of counsel to Ringstad & Sanders, LLP on that same date. The Motion indicates that William M. Burd was the person primarily performing services under the auspices of Burd & Naylor and will continue to do so under the auspices of Ringstad & Sanders, LLP. Accordingly, one can only wonder what has changed that has caused Kring & Chung, LLP to now object to the employment.

Kring & Chung, LLP formerly represented the Debtor in pre-petition litigation with G.F. Korea, Inc., the estate's largest creditor, which holds a pre-petition judgment in the amount of $516,329.40. This claim includes a punitive damage award against the Debtor in the amount of

- 3 -

$150,000.00.

Kring & Chung, LLP represented the Debtor in that litigation and during the damage phase of the trial presented a note and deed of trust to the Debtor for her signature at court. The Debtor has testified that she signed the note and deed of trust at the court during the damage phase of the trial with G.F. Korea, Inc. The note is in the amount of $350,000.00 and is dated September 23, 2016. The deed of trust was recorded on September 29, 2016. The Debtor's bankruptcy petition was filed within one year of the execution of the note and the recordation of the deed of trust. According to the proof of claim filed by Kring & Chung, LLP it was owed $287,030.31 on the date the Debtor's bankruptcy petition was filed.

The Trustee has informed counsel for Kring & Chung, LLP that the Trustee believes that the deed of trust in favor of Kring & Chung, LLP is avoidable for many reasons, including that it constitutes an avoidable preference under 11 U.S.C. § 547. Counsel for G.F. Korea, Inc. and the Debtor have also raised issues regarding the validity of the debt itself. The Trustee is continuing to investigate these issues.

The Trustee respectfully submits that the objection of Kring & Chung, LLP should be overruled and that she should be authorized to employ Ringstad & Sanders, LLP as substitute general counsel. Any of the "concerns" expressed by Kring & Chung, LLP can be appropriately addressed at any hearing on an application for compensation.

Date: May 15, 2018

Respectfully submitted,

**RINGSTAD & SANDERS, LLP**

*/s/ William M. Burd*
By: William M. Burd
Proposed Counsel for Chapter 7 Trustee

- 4 -

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
4343 Von Karman Avenue, Suite 300, Newport Beach, CA 92660

A true and correct copy of the foregoing document entitled (*specify*): **REPLY TO OPPOSITION OF KRING & CHUNG, LLP TO MOTION TO EMPLOY SUBSTITUTE GENERAL COUNSEL FOR CHAPTER 7 TRUSTEE**
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On May 15, 2018, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
- **Ali Ammar**   info@silveradoip.com
- **Julian K Bach**   Julian@Jbachlaw.com, julianbach@sbcglobal.net
- **William M Burd**   bill@ringstadlaw.com, jaimee@ringstadlaw.com
- **Dana M Douglas**   dmddouglas@hotmail.com
- **Nichole Glowin**   nglowin@wrightlegal.net, BKUDGeneralupdates@wrightlegal.net
- **Jai H Kim**   jhkim@kringandchung.com, G13995@notify.cincompass.com
- **John W Kim**   johnkim@jwklawgroup.com
- **Charles L Murray**   cm3esquire@sbcglobal.net, cm3esquire@sbcglobal.net
- **Charles L Murray**   , cm3esquire@sbcglobal.net
- **Karen S Naylor (TR)**   alane@ringstadlaw.com, knaylor@IQ7technology.com
- **Nanette D Sanders**   becky@ringstadlaw.com, arlene@ringstadlaw.com
- **United States Trustee (SA)**   ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on May 15, 2018, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**Via Personal Delivery**
Hon. Theodor C. Albert [Bin Outside 5th Floor Elevators]
US Bankruptcy Court
411 West Fourth Street
Santa Ana, CA 92701

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| May 15, 2018 | Jaimee Zayicek | *(signature)* |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    F 9013-3.1.PROOF.SERVICE