Karen Sue Naylor, Chapter 7 Trustee
4343 Von Karman Avenue, Suite 300
Newport Beach, CA 92660-2098
karen@ringstadlaw.com
Telephone: (949) 851-7450

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
SANTA ANA DIVISION

| In re: | § | |
|---|---|---|
| KIM, HANNAH | § | Case No.  8:17-bk-11664-TA |
| | § | |
| | § | |
| Debtors(s) | § | |

TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter 13 of the United States Bankruptcy Code was filed on 04/26/2017. The case was converted to a Chapter 7 on 08/11/2017. The undersigned trustee was appointed on 08/11/2017.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. §522, or have been or will be abandoned pursuant to 11 U.S.C. §554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A.**

| | | |
|---|---|---|
| 4. The trustee realized gross receipts of | $ | 750,000.00 |
| Funds were disbursed in the following amounts: | | |
| Payments made under an interim disbursement | | 0.00 |
| Administrative Expenses | | 51,897.94 |
| Bank Service Fees | | 0.00 |
| Other Payments to Creditors | | 457,694.79 |
| Non-Estate funds paid to 3rd Parties | | 0.00 |
| Exemptions paid to the Debtor | | 0.00 |
| Other Payments to Debtor | | 0.00 |
| Leaving a balance on hand of [1] | $ | 240,407.27 |

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

The remaining funds are available for distribution.

     5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

     6. The deadline for filing non-governmental claims in this case was 02/26/2018 and the deadline for filing governmental claims was 10/23/2017. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C.**

     7. The Trustee's proposed distribution is attached as **Exhibit D.**

     8. Pursuant to 11 U.S.C. §326(a), the maximum compensation allowable to the trustee is $40,750.00. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

     The trustee has received $0.00 as interim compensation and now requests a sum of $40,750.00, for a total compensation of $40,750.00.[2] In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $0.00, and now requests reimbursement for expenses of $706.61 for total expenses of $706.61.[2]

     Pursuant to Fed. R. Bank. P. 5009, I hereby certify, under penalty of perjury, that the foregoing report is true  and correct.

Date :    01/31/2020          By :    /s/ Karen Sue Naylor

                                             Trustee

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. §1320.4 (a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) Page 2

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Case No: **17-11664**       Judge: **Theodor C. Albert**      Trustee Name: **Karen Sue Naylor**

Case Name: **KIM, HANNAH**      Date Filed (f) or Converted (c): **08/11/2017 (c)**

341(a) Meeting Date: **09/14/2017**

For Period Ending: **01/31/2020**      Claims Bar Date: **02/26/2018**

| | 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|---|
| | Asset Description (Scheduled and Unscheduled (u) Property) | Petition/Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA) / Gross Value of Remaining Assets |
| 1. | 4371 Pioneer St Irvine, CA 92604 Petition Value $800,000.00; Liens $397,406.74<br><br>$100,000.00 Exempt per CCP Sect 704.730<br><br>Pursuant to Amended Schedules filed 12/14/17 [Doc 72], address changed from 4371 Pioneer St Huntington Beach, CA 92649 to 4371 Pioneer St Irvine, CA 92604 and Liens changed from $397,406.74 to $1,237,406.70<br><br>Property sold for $750,000.00 pursuant to order entered 06/27/19 [Doc 152]<br><br>Trustee's Report of Sale Pursuant to Federal Rules of Bankruptcy Procedure 6004(f)(1) [Doc 170] filed 08/19/19<br><br>Pursuant to Amended Schedules filed 09/30/19 [Doc 171], exemption removed<br><br>After numerous demands, Trustee, on October 10, 2019, received overpayment from Mr. Cooper (1st TD holder) based on excessive demand they made to escrow. | 800,000.00 | 275,000.00 | | 750,000.00 | FA |
| 2. | Hyundai Elantra 339 Vehicle is leased; not an asset of the estate. | Unknown | 0.00 | | 0.00 | FA |

**Exhibit A**

Case 8:17-bk-11664-TA    Doc 193    Filed 02/06/20    Entered 02/06/20 12:34:43    Desc Main Document    Page 3 of 26

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Case No: **17-11664**

Case Name: **KIM, HANNAH**

For Period Ending: **01/31/2020**

Judge: **Theodor C. Albert**

Trustee Name: **Karen Sue Naylor**

Date Filed (f) or Converted (c): **08/11/2017 (c)**

341(a) Meeting Date: **09/14/2017**

Claims Bar Date: **02/26/2018**

| | 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|---|
| | Asset Description (Scheduled and Unscheduled (u) Property) | Petition/Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA) / Gross Value of Remaining Assets |
| 3. | Household Goods & Furnishings Furniture, Food eating/preparation/serving storage accessories/acoutremonts/equipment/tools/etc., foodstuffs, home maintenance equipment/material/supplies, linens & softgoods, major & minor appliances  $1,100.00 Exempt per CCP Sect 704.020 | 1,100.00 | 0.00 | | 0.00 | FA |
| 4. | Household Electronics Cellphones, computer/laptop, audio/video devices, radios, TVs  $1,000.00 Exempt per CCP Sect 704.020 | 1,000.00 | 0.00 | | 0.00 | FA |
| 5. | Debtor's Family Clothing $850.00 Exempt per CCP Sect 704.020 | 850.00 | 0.00 | | 0.00 | FA |
| 6. | Debtor's/Spouse's Miscellaneous Rings, Watches & Wedding Jewelry $900.00 Exempt per CCP Sect 704.040 | 900.00 | 0.00 | | 0.00 | FA |
| 7. | Cash in Hand at Time of Filing $200.00 Exempt per CCP Sect 704.070 | 200.00 | 0.00 | | 0.00 | FA |
| 8. | Funds in Debtor's/Spouse's Checking Accounts at Bank of America & Hanmi Bank $1.72 Exempt per CCP Sect 704.070  Pursuant to Amended Schedules filed 12/14/17 [Doc 72], description changed from Fund in Debtor's Checking Account at Hanmi Bank to Funds in Debtor's/Spouse's Checking Accounts at Bank of America & Hanmi Bank and amount changed from $1.72 to $91.00 | 91.00 | 0.00 | | 0.00 | FA |

**Exhibit A**

Case 8:17-bk-11664-TA Doc 193 Filed 02/06/20 Entered 02/06/20 12:34:43 Desc Main Document Page 4 of 26

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Case No: 17-11664      Judge: Theodor C. Albert      Trustee Name: Karen Sue Naylor

Case Name: KIM, HANNAH      Date Filed (f) or Converted (c): 08/11/2017 (c)

341(a) Meeting Date: 09/14/2017

For Period Ending: 01/31/2020      Claims Bar Date: 02/26/2018

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA) / Gross Value of Remaining Assets |
| 9. Debtor's Defenses to Claims of GF Korea, at al., as offset to judgment in favor of Plaintiffs; Matter on Appeal (u) Pursuant to Amended Schedules filed 12/14/17 [Doc 72], asset added | Unknown | 0.00 | | 0.00 | FA |
| 10. Debtor's Known and Unknown (u) Claims/Cross-claims/Defenses Against Kring & Chung Law Firm for malpractice in defense of GF Korea, et al., lawsuit; failure to inform and inducement to participate in allegedly fraudulent transfer designed to secure payment of K&C legal fees and as offset to judgment of GF Korea, et al.; pain/suffering/anxiety experienced by Debtor/Debtor's family as a result of K&C malpractice in defense, failure to inform and in inducement.<br><br>Pursuant to Amended Schedules filed 12/14/17 [Doc 72], asset added<br><br>This asset was included within settlement whereby the lien of Kring & Chung was avoided and preserved for the estate thereby increasing proceeds from sale of real property.  See Asset No. 1 | Unknown | 200,000.00 | | 0.00 | FA |
| 11. Debtor's Possible Claims Against Former Employer(s) for Defense and Indemnity as to GF Korea, et al., litigation (u) Pursuant to Amended Schedules filed 12/14/17 [Doc 72], asset added<br><br>Trustee is not pursuing this claim as costs to pursue exceed potential benefit. | Unknown | 25,000.00 | | 0.00 | FA |

**Exhibit A**

Case 8:17-bk-11664-TA    Doc 193    Filed 02/06/20    Entered 02/06/20 12:34:43    D
Main Document    Page 5 of 26

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Case No: 17-11664

Case Name: KIM, HANNAH

For Period Ending: 01/31/2020

Judge: Theodor C. Albert

Trustee Name: Karen Sue Naylor

Date Filed (f) or Converted (c): 08/11/2017 (c)

341(a) Meeting Date: 09/14/2017

Claims Bar Date: 02/26/2018

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA) / Gross Value of Remaining Assets |
| | | | | | Gross Value of Remaining Assets |
| TOTALS (Excluding Unknown Values) | 804,141.00 | 500,000.00 | | 750,000.00 | 0.00 |

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

***NOTE: CASE CONVERTED FROM CHAPTER 13 TO CHAPTER 7 PURSUANT TO ORDER ENTERED 08/11/17 [Doc 42]
TAXES - An accountant has been employed; Tax returns have been prepared and a tax clearance letter has been received
ASSETS - Potential avoidance of fraudulent transfer; Potential avoidance of Second Deed of Trust; Potential claims for malpractice; Potential claims for indemnity; Sale of Property at 4371 Pioneer Street, Irvine, CA--sold for $750,000.00 pursuant to order entered 06/27/19 [Doc 152]
INSURANCE - None required--property sold
LITIGATION -
Complaint filed 11/30/18 for Avoidance of Actual Fraudulent Transfer; Avoidance of Constructive Fraudulent Transfer; Recovery of Avoided Transfer; Objection to Claim; Homestead Exemption; and Turnover (Naylor v. Hannah Kim and William Jang, Adv. No. 8:18-ap-01210-TA);
Complaint filed 11/30/18 for Avoidance of Actual Fraudulent Transfer; Avoidance of Constructive Fraudulent Transfer; Avoidance of Preferential Transfer; Avoidance of Trust Deed for Failure to Comply with California Rules of Professional Conduct; Recovery of Avoided Transfer; Objection to Claim; An Accounting; and Disgorgement (Naylor v. Kring & Chung, LLP, Adv. No. 8:18-ap-01211-TA)

OPERATING ORDER - None required
STATUS - Detailed narrative to follow:
On April 26, 2017, the Debtor filed a voluntary petition for relief under Chapter 13 of Title 11, United States Code. On August 11, 2017, the Debtor's case was converted to one under Chapter 7. The original Section 341(a) hearing was scheduled for September 14, 2017. The Debtor and her counsel appeared, and the hearing was thereafter continued several times and was ultimately concluded on December 19, 2018.

The original Section 341(a) hearing was scheduled for September 14, 2017, at which time creditors also appeared. Upon conclusion of that hearing the Trustee requested a substantial number of documents for her review and continued the hearing.

In the meantime, as a result of various issues and the fact that the Trustee, the Office of the United States Trustee, and the creditors had not received all the information and had not been able to thoroughly examine the Debtor, the Trustee, the Office of the United States Trustee, and the Debtor entered into a Stipulation to extend the Section 523 and 727 deadlines. On November 6, 2017, the Court entered an Order Approving Stipulation Extending Time for the Chapter 7 Trustee and the OUST and All Creditors to Object to the Discharge of the Debtor Pursuant to 11 USC Section 523 and for Creditors to Object to the Dischargeability of Certain Debts Pursuant to 11 USC Section 727 which extended both deadlines to March 30, 2018.

UST Form 101-7-TFR (5/1/2011) (Page 6)

**Exhibit A**

FORM 1
INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT
ASSET CASES

Case No: 17-11664

Case Name: KIM, HANNAH

For Period Ending: 01/31/2020

Judge: Theodor C. Albert

Trustee Name: Karen Sue Naylor

Date Filed (f) or Converted (c): 08/11/2017 (c)

341(a) Meeting Date: 09/14/2017

Claims Bar Date: 02/26/2018

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA) / Gross Value of Remaining Assets |

On March 28, 2018, a second Stipulation to extend the Section 523 and 727 deadlines was entered into, and pursuant to order entered March 29, 2018, the deadlines were further extended to October 1, 2018.

Although the Trustee believed that grounds existed for a 727 action, the primary creditor obtained a non-dischargeable judgment, therefore it made no economic sense for the Trustee to pursue a 727 action.

Upon the Trustee's review of the documents and in her protracted investigations, as well as through examination of the Debtor at various continued Section 341(a) hearings, and through an extensive meeting with a creditor, the Trustee discovered several issues as discussed below.

The Trustee was informed that litigation was commenced against the Debtor in Superior Court in 2014 by G. F. Korea, Inc. and that a judgment was entered on or about October 24, 2016 in the amount of $1,682,827.33 against the Debtor and others.

Among the assets of the estate, the Debtor had listed real property located at 4371 Pioneer Street, Huntington Beach, California with a value of $800,000.00 and liens of $397,406.74 and claimed a $100,000.00 homestead exemption (hereinafter "Property"). The Trustee subsequently learned that the Property was located in Irvine rather than Huntington Beach as scheduled. Moreover, the Trustee learned that the Debtor did not own the Property and thus the claim of exemption was objectionable.

The petition was subsequently recorded to ensure that the bankruptcy was a matter of record in the event of a transfer of the Property.

In her initial investigation of the value of the Property, the Trustee requested that her broker inspect the Property to determine the value. The Trustee's broker informed the Trustee that he believed the value of the Property was between $750,000.00 and $800,000.00 and was in a highly desirable area that should receive multiple offers. Updated values provided by the Trustee's broker on October 5, 2018 placed the updated value of the Property at $759,000.00 to $789,000.00.

The Trustee also learned that despite the Debtor's testimony under the penalty of perjury that there was only one lien against the Property, there in fact was a second deed of trust. Specifically, the Debtor and her Non-Debtor spouse had executed a Deed of Trust in favor of the Debtor's state court counsel, Kring & Chung, LLP, in the amount of $350,000.00 which deed was recorded on September 29, 2016 before the entry of the Judgment. In addition, an Abstract of Judgment was recorded against the Property by the judgment creditor, G.F. Korea, on November 3, 2016 that likewise was not scheduled.

Thereafter, also unscheduled by the Debtor, the Trustee learned that the Debtor and her Non-Debtor spouse recorded a transfer of the Property on December 6, 2016 (after execution of the unscheduled Deed and unscheduled Abstract of Judgment) to the Jang Family Irrevocable Trust. Although neither the transfer nor the trust was scheduled, the Trustee in her investigations learned that the beneficiary of the irrevocable trust was the Debtor's minor son.

The Trustee also learned that the attorney who assisted in the preparation of the Trust and the recording of the transfer also prepared and filed, on the exact same day, a transfer of the other defendant's property to an irrevocable trust that owned the neighboring property.

The Trustee believed that the Second Deed of Trust held by Kring & Chung, LLP may be avoidable for the benefit of the estate, and the transfer to the irrevocable trust for no consideration after the entry of a judgment

**Exhibit A**

FORM 1
INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT
ASSET CASES

Case No: 17-11664     Judge: Theodor C. Albert     Trustee Name: Karen Sue Naylor
Case Name: KIM, HANNAH     Date Filed (f) or Converted (c): 08/11/2017 (c)
341(a) Meeting Date: 09/14/2017
For Period Ending: 01/31/2020     Claims Bar Date: 02/26/2018

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA) / Gross Value of Remaining Assets |

could be avoided. The Trustee also believed that the Property could be administered for the benefit of creditors. Lastly, the Trustee believed that potential claims existed against third parties that needed to be investigated.

From the inception, as a result of the various issues, the Trustee conferred with her partner, William M. Burd of Burd & Naylor, and also requested that he participate in an extensive meeting with a creditor to discuss the actions to be taken in this case. As indicated above, the Trustee believed that there were several issues in this case that required the assistance of counsel. Consequently, on November 14, 2017, the Trustee filed her application to employ Burd & Naylor as her general counsel. By order entered December 13, 2017, the employment of Burd & Naylor as general counsel was approved.

As discussed above, by order entered December 13, 2017, the Court authorized the employment of Burd & Naylor as general counsel for the Trustee. Effective March 30, 2018, Burd & Naylor ceased practicing law, and effective April 1, 2018, Karen Sue Naylor became a partner of Ringstad & Sanders, LLP and William M. Burd became of counsel to the firm.

Accordingly, the Trustee sought to employ Ringstad & Sanders, LLP as general counsel in place and stead of Burd & Naylor. On April 11, 2018, the application to employ substitute general counsel was filed. On April 27, 2018, the Trustee was served with Kring & Chung, LLP's opposition to the motion to employ substitute general counsel. The specific objections were that six attorneys (including the Trustee) sought authority to bill fees; there had been no disclosures regarding the aggregate current fees and expenses for the Trustee, her prior firm, or her proposed new firm; and proposed counsel might be performing services required of the Chapter 7 Trustee. A hearing was set for May 22, 2018. On May 15, 2018, the Trustee's proposed counsel filed a reply.

The objection was rather curious in light of the fact that Kring & Chung, LLP was asserting itself as a fully secured creditor and therefore would not be impacted in the least by any administrative costs incurred in the case, and the fact that the Trustee had previously employed her prior firm without an objection by Kring & Chung. Nevertheless, the three issues raised by Kring & Chung were more appropriately addressed at a hearing on the fee applications and had no bearing whatsoever on an application for order authorizing employment.

The hearing on the motion to employ substitute general counsel was continued to June 26, 2018. At the June 26, 2018 hearing, the Court overruled Kring & Chung LLP's objection and authorized the Trustee to retain Ringstad & Sanders, LLP to represent her. The Court's order was entered on June 28, 2018.

**CLAIMS AGAINST THE DEBTOR**
As discussed above, the Trustee was confident in her claims against the Debtor and the Debtor's non-filing spouse because the transfer was done for no consideration, at a time when the Debtor was insolvent and after entry of a judgment against the Debtor and most likely to hinder, delay, and defraud a creditor.

The Trustee and her counsel attempted to informally reach an agreement with Debtor to avoid the transfer of the Property to the irrevocable trust and to have the Debtor waive the improper exemption claimed in the voluntarily transferred Property. After those efforts proved unsuccessful, on November 30, 2018, the Trustee filed an adversary proceeding (Karen Sue Naylor v. Hannah Kim and William Jang, Individually, and as Trustees of the Jang Family Irrevocable Trust, Adv. No. 8:18-ap-01210-TA) against the Debtor and Jang seeking, among other things, avoidance of the transfer of the Property from the Debtor and her non-debtor spouse to themselves as Trustees of the Jang Family Irrevocable Trust in its entirety and recovery of the Property to be administered for the benefit of the bankruptcy estate.

**Exhibit A**

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Case No: 17-11664  Judge: Theodor C. Albert  Trustee Name: Karen Sue Naylor

Case Name: KIM, HANNAH  Date Filed (f) or Converted (c): 08/11/2017 (c)

341(a) Meeting Date: 09/14/2017

For Period Ending: 01/31/2020  Claims Bar Date: 02/26/2018

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA) / Gross Value of Remaining Assets |

Ultimately, on March 19, 2019, a stipulation by and between the Trustee and the Debtor and Jang for entry of judgment avoiding the transfer and recovering the Property for the benefit of the estate was filed. The stipulation would resolve all claims for relief except for the fourth claim for relief, that was, the objection to claim of homestead exemption. Prosecution on the fourth claim for relief was stayed pending sale of the Property by the Trustee. The stipulation was approved pursuant to order entered April 30, 2019, and thereafter the judgment pursuant to that stipulation was entered that same date.

As discussed below, the Trustee sold the Property and the proceeds of sale were insufficient to pay the consensual liens against the Property. Accordingly, there was no equity to which any homestead exemption could attach. On September 30, 2019, after numerous requests and threats of filing a motion for judgment on the pleadings, the Debtor finally filed an amended Schedule C deleting the claim of homestead exemption in the Property.

In light of the sale of the Property and the withdrawal of the claim of homestead exemption, on October 2, 2019, a stipulation was entered into between the parties to dismiss the fourth claim for relief as moot. The order on the stipulation was entered October 2, 2019. Subsequently, on October 21, 2019, the adversary case was closed.

**CLAIMS AGAINST KRING & CHUNG ("K&C")**
Through the Trustee's investigation, the Trustee learned that K&C represented both the Debtor and her employer in the G.F. Korea litigation. The genesis of the claims resulted in a sale of a business by the employer. The Debtor was simply an employee. The Trustee was informed that K&C never advised the Debtor that they had a conflict in representing them both and that she would have claims against her employer for indemnification. Additionally, K&C never advised the Debtor that litigation should be funded by the employer.

Even more surprising was that the Trustee was informed that K&C sent the Debtor a deed of trust to execute to secure their fees which were approximately $170,000.00 by a note in the amount of $350,000.00 secured by a deed of trust against the Property. K&C emailed the document to the Debtor one evening and required her to sign it in less than 48 hours limiting her ability to consult with outside counsel. Additionally, the day they required her to sign it was right before they were going into Court and they even brought a notary with them. According to the Debtor, they told the Debtor that the only way she could keep her house was if she executed the deed of trust because if the creditor got a judgment they would take the house. Moreover, the Debtor testified that they informed the Debtor that if she did not execute they would not represent her anymore.

Finally, after the judgment was entered and the Court was evaluating the punitive damages phase, the Court requested information regarding the Debtor's financial condition. Despite having just had the Debtor execute the deed of trust, the creditor informed the Trustee that K&C failed to disclose this information to the Court.

K&C filed a proof of secured claim in this case which was docketed as Claim No. 6-1 in the amount of $287,030.31. The claim recites that the basis for the claim was "services performed by attorney" and that the claim was secured by a promissory note and recorded deed of trust.

Based on the information obtained by the Trustee, the Trustee believed that there were not only grounds to avoid and preserve the lien for the benefit of the estate, but to also sue K&C for malpractice and seek affirmative relief in the amount of the judgment.

In order to resolve the matter informally, the Trustee and her counsel requested that Kring & Chung stipulate to avoid the transfer of the recorded deed against the Property as such deed could be avoided and preserved for the benefit of the estate. K&C refused.

UST Form 101-7-TFR (5/1/2011) (Page 9)  **Exhibit A**

Case 8:17-bk-11664-TA    Doc 193    Filed 02/06/20    Entered 02/06/20 12:34:43    Desc
Main Document    Page 9 of 26

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Case No: 17-11664　　　　　　　　　Judge: Theodor C. Albert　　　　　　　　　Trustee Name: Karen Sue Naylor
Case Name: KIM, HANNAH　　　　　　　　　　　　　　　　　　　Date Filed (f) or Converted (c): 08/11/2017 (c)
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　341(a) Meeting Date: 09/14/2017
For Period Ending: 01/31/2020　　　　　　　　　　　　　　　Claims Bar Date: 02/26/2018

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA) / Gross Value of Remaining Assets |

As a result, on November 30, 2018, the Trustee initiated an adversary proceeding against K&C (Karen Sue Naylor v. Kring & Chung, LLP, a California Limited Liability Partnership, Adv. No. 8:18-ap-01211-TA). By way of the complaint, the Trustee sought to, among other things, avoid the transfer of a security interest in the Property from the Debtor and her non-debtor spouse, William Jang, to Kring & Chung, LLP, recovery of the Property transferred and preservation of the lien for the benefit of the estate, disallowance of Claim 6-1 filed by Kring & Chung, LLP in its entirety, an accounting of all payments received by Kring & Chung from the Debtor and disgorgement of those fees to the Trustee.

Ultimately, the Trustee and K&C entered into a settlement agreement to resolve the Trustee's adversary proceeding against K&C. On April 29, 2019, the Trustee filed a motion to approve the settlement agreement, which was granted by order entered on May 31, 2019. Pursuant to the settlement agreement, K&C's proof of claim, Claim No. 6-1, was disallowed in its entirety, and a judgment was entered on June 3, 2019 avoiding the lien in favor of K&C against the Property and preserving that lien for the benefit of the Estate.

**FANNIE MAE'S MOTION FOR RELIEF**
On October 2, 2018, the First Trust Deed holder, Federal National Mortgage Association ("Fannie Mae") filed its Notice of Motion and Motion for Relief from the Automatic Stay seeking relief from stay to foreclose on the Property. The hearing was set for November 6, 2018.

It appeared that the secured creditor had in excess of a forty-six percent equity cushion in the Property, and because at that time the Trustee was still investigating potential actions involving the Property that may result in the sale of the Property, payment of Fannie Mae's secured claim, and funds to distribute to the Debtor's creditors, the Trustee communicated with the attorneys for Fannie Mae, and on October 22, 2018, a stipulation to continue the hearing to March 5, 2019 to allow the Trustee sufficient time to complete her investigations was entered into and approved pursuant to order entered October 24, 2018.

As discussed above, the Trustee filed an action seeking to avoid the second deed of trust against the Property. As a result, by stipulation, the hearing on the Motion for Relief was continued a few additional times. In the meantime, as discussed below, the Trustee sold the Property and escrow closed on August 1, 2019 which resulted in a payment of Fannie Mae's secured claim and funds to distribute to the Debtor's creditors. On August 14, 2019, Fannie Mae voluntarily withdrew its pending Motion for Relief.

**THE SALE OF THE PROPERTY BY THE TRUSTEE**
The Trustee attempted first to resolve the value of equity with the Debtor and her non-filing spouse, but an agreeable amount could not be reached. As a result, pursuant to the stipulation for entry of judgment in the adversary proceeding as discussed above, the Debtor and her non-filing spouse agreed to allow the marketing of the Property.

To that end, on March 22, 2019, the Trustee filed an Application to Employ Clarence Yoshikane of Coldwell Banker Residential Brokerage as Real Estate Agent. By order entered May 10, 2019, the Court approved the employment of Mr. Yoshikane.

The Trustee, through her broker, had been marketing the Property since March 12, 2019, and received an offer to purchase the Property for $750,000.00, which was over the listed price of $749,900.00. On May 1, 2019,

**Exhibit A**

Case 8:17-bk-11664-TA Doc 193 Filed 02/06/20 Entered 02/06/20 12:34:43 Main Document Page 10 of 26

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Case No: 17-11664

Case Name: KIM, HANNAH

For Period Ending: 01/31/2020

Judge: Theodor C. Albert

Trustee Name: Karen Sue Naylor

Date Filed (f) or Converted (c): 08/11/2017 (c)

341(a) Meeting Date: 09/14/2017

Claims Bar Date: 02/26/2018

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA) / Gross Value of Remaining Assets |

the Trustee received and deposited a check for $23,000.00 as the good faith deposit from the potential buyer.

On June 3, 2019, the Trustee filed a motion to, among other things, sell the Property for $750,000.00. The Trustee requested that the sale be free and clear of liens pursuant to section 363(f). After payment of the first priority lien and costs of sale, the Trustee estimated that the proposed sale would net the Estate approximately $227,000.00. The hearing was set for June 25, 2019.

On June 11, 2019, Nationstar Mortgage LLC dba Mr. Cooper filed a limited opposition. On June 18, 2019, the Trustee filed a reply which commented on the unnecessary opposition and also advised the Court of Mr. Cooper's failure to provide a payoff demand. At the hearing, the Trustee ultimately sold the Property for $750,000.00 to Kenny Duong and Patricia Bui. The motion was granted by order entered June 27, 2019 and amended on July 2, 2019 solely to delete the name of the escrow company for the sale.

Escrow closed on August 1, 2019, and on August 8, 2019, the Trustee received and deposited a check in the amount of $215,021.46 from Pickford Escrow as the proceeds from the sale of the Property.

Prior to the close of escrow, the Trustee learned the lender, Mr. Cooper, held funds that it refused to apply to the outstanding balance. In addition, Mr. Cooper refused to submit a payoff to the date of closing and would only submit a payoff that allowed it to be overpaid on its interest. The Trustee was informed by escrow that the estate would have to request the funds back from Mr. Cooper. After closing, the Trustee immediately made demand. After nearly fifteen requests, the Trustee finally received the $2,425.07 that Mr. Cooper was holding on October 10, 2019, over two months later.

The Trustee's Report of Sale Pursuant to Federal Rules of Bankruptcy Procedure 6004(f)(1) was filed on August 19, 2019.

**CLAIMS**

On November 22, 2017, the Trustee filed the notification of asset case to set the claims bar date, and the claims bar date was set for February 26, 2018 and the government claims bar date was set for October 23, 2017. The Trustee reviewed and analyzed the claims.

Claim Nos. 2 and 8 were both filed as general unsecured claims by BBVA Compass. The claims appeared duplicative except that Claim No. 8 was for an amount slightly higher than the amount of Claim No. 2. In order to avoid a formal objection, the Trustee contacted the claimant to request they withdraw the duplicate claim. On May 22, 2019, BBVA Compass filed a withdrawal of Claim No. 8.

On June 30, 2017, G.F. Korea, Inc. ("GFK") filed Claim No. 3 asserting a nonpriority unsecured claim even though it had a recorded abstract of judgment, in the amount of $516,329.40 based on the judgment GFK obtained in the Superior Court Action. The Claim attaches the judgment upon which it was based. The judgment provided for the following amounts:
a. $286,526.33 for fraud;
b. $30,000 for breach of fiduciary duty;
c. $150,000 for punitive damages; and
d. $23,619.09 for costs.

UST Form 101-7-TFR (5/1/2011) (Page 11)

**Exhibit A**

Case 8:17-bk-11664-TA    Doc 668    Filed 02/06/20    Entered 02/06/20 12:34:43    Desc
Main Document    Page 11 of 26

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Case No: 17-11664

Case Name: KIM, HANNAH

For Period Ending: 01/31/2020

Judge: Theodor C. Albert

Trustee Name: Karen Sue Naylor

Date Filed (f) or Converted (c): 08/11/2017 (c)

341(a) Meeting Date: 09/14/2017

Claims Bar Date: 02/26/2018

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA) / Gross Value of Remaining Assets |

The Trustee contended that the interest that accrued between the date the judgment was entered (January 10, 2017) and the petition date (April 26, 2017) totals $14,232.36, and that when such amount was added to the amounts provided in the judgment, the total amount of the Claim should be $504,379.78. The Trustee further contended that the punitive damages portion of the judgment, along with the interest accruing thereon, should be subordinated to the claims of general unsecured creditors pursuant to section 726(a)(4), resulting in a general unsecured claim in the total amount of $350,023.62 and a subordinated unsecured claim in the total amount of $154,356.16.

As discussed above, with the K&C lien avoided and preserved for the benefit of the Estate, the Estate held a second priority lien against the Property, which was higher in priority than the judgment lien of GFK.

The Trustee contended that the combined amounts owing on the first priority lien and the second priority lien (the latter of which had been avoided and preserved for the benefit of the Estate) exceeded the value of the proposed sale price for the Property. Therefore, the Trustee contended that the Claim was unsecured pursuant to sections 506(a) and (d).

To resolve matter, by stipulation and order thereon entered July 26, 2019, the Trustee and GFK agreed that the claim was an unsecured claim by operation of sections 506(a) and (d); the claim was a nonpriority unsecured claim in the amount of $350,023.62, and a subordinated unsecured claim in the amount of $154,356.16 by operation of section 726(a)(4).

Thereafter, on August 13, 2019, G.F. Korea, Inc. filed Claim No. 3-3 to memorialize these amounts.

Claim No. 6 filed by K&C was adjudicated as disallowed in the adversary proceeding.

Claim No. 7 filed by the Franchise Tax Board for 2013 taxes due. The Trustee contacted the FTB, and on August 9, 2018, the FTB amended the claim to $0.00.

Claim No. 1 filed by the Internal Revenue Service as a general unsecured claim in the amount of $558.50 which included $39.17 in subordinated penalties and interest. The Trustee contacted the IRS to confirm the amount of the claim was still accurate. After several follow-up calls, on January 29, 2020, the IRS filed amended Claim No. 1-2 which reduced the claim amount to $272.50.

In about October 2019, the Trustee was contacted by G.F. Korea to purchase the Debtor's appellate rights in the litigation against it. While the Trustee believed it to be unlikely, the Trustee postponed the preparation of the estate's tax returns while awaiting confirmation of whether an offer for the appeal rights would be made. Ultimately, the Trustee was informed that G.F. Korea would not be making an offer.

In anticipation of the necessity to prepare estate tax returns, on October 11, 2019, the Trustee forwarded a copy of the case files to Don Fife of Hahn Fife & Company to become employed as the estate's accountant. On October 24, 2019, the notice of application to employ the accountant was served on the interested parties, and by order entered November 22, 2019, the Court approved the employment of the accountant.

Concurrently, on October 11, 2019, the Trustee forwarded Forms 1 and 2 to the accountant and requested preparation of estate's final tax returns. On October 29, 2019, the Trustee received, reviewed, executed, and returned to the accountants for filing with the taxing authorities the estate's final tax returns. On December 6, 2019, the Trustee received the tax clearance letter.

On December 5, 2019, the Trustee filed the Notice to Professionals and Request for Court Costs. On December 5, 2019, the Trustee was served with the notice of court costs which indicated that $700.00 in costs are due. All

UST Form 101-7-TFR (5/1/2011) (Page 12)

**Exhibit A**

Case 8:17-bk-11664-TA    Doc 193    Filed 02/06/20    Entered 02/06/20 12:34:43    Desc
Main Document    Page 12 of 26

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Case No: 17-11664          Judge: Theodor C. Albert          Trustee Name: Karen Sue Naylor
Case Name: KIM, HANNAH          Date Filed (f) or Converted (c): 08/11/2017 (c)
341(a) Meeting Date: 09/14/2017
For Period Ending: 01/31/2020          Claims Bar Date: 02/26/2018

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA) / Gross Value of Remaining Assets |

final fee applications have been filed.

04/26/17 - Chapter 13 Petition filed
*****************************************
08/11/17 - Order [Doc 42] Converting Case from Chapter 13 to Chapter 7
08/30/17 - Requested value & title docs from JT/Ron
08/30/17 - Rec'd title docs [saved in documents]
09/05/17 - Schedules state property in Huntington Beach; per JT, not able to locate property. Other entries state IRVINE. Appears to be Irvine, not HB.
09/05/17 - Rec'd title docs [saved in documents]
09/05/17 - CY/JT The VALUE for IRVINE: $775,000 to $825,000
09/12/17 - Email from Jai Kim, atty for creditor, attaching copy of complaint [saved in Docs]
09/13/17 - 2016 tax return SSN redacted
09/14/17 - Original 341(a) Hearing - All appeared; Creditors appeared; Debtor to produce copy of Trust and amend to list trust, provide tax refund dates, amend Schedule A property address from HB to Irvine, produce current mortgage statement and proof of insurance, cooperate with interior inspection, produce bank statements and canceled checks/registers on all accounts of Debtor and husband from Jan-2015 to present, amend to list claims against former employer, produce copy of retainer agreement with appellate lawyer, backup docs for disputed claim; Creditor's counsel Charles Murray to provide copy of abstract; Creditor's counsel Jai Kim to provide info re amount they are owed by Debtor; cont'd to 10/25/17
09/15/17 - Email to CY/JT requesting interior inspection
09/18/17 - Email from Jai Kim attaching copy of Promissory Note [printed and saved in Docs]
09/21/17 - Email from Charles Murray attaching copy of Recorded Abstract [printed and saved in Docs]
09/21/17 - CY/JT values after inspection--$750,000 to $800,000 - this should work for your 2nd Trust Deed Holder; Highly desirable area that should receive multiple buyers; We'll review again tomorrow and fine tune the Value; We have ordered
the Title Reports & will forward tomorrow.
09/21/17 - Property docs from CY/JT [saved in Docs]
09/22/17 - Petition Recorded #2017000404354
10/24/17 - Rec'd various bank statements, printed for KSN & saved in [documents]
10/25/17 - Continued 341(a) Hearing - Appearance excused; cont'd to 11/29/17
11/06/17 - Order [Doc 59] Approving Stipulation Extending Time for the Chapter 7 Trustee and the OUST and All Creditors to Object to the Discharge of the Debtor Pursuant to 11 USC Section 523 and for Creditors to Object to the Dischargeability of Certain Debts Pursuant to 11 USC Section 727--Deadlines extended to 03/30/18
11/14/17 - Trustee files Chapter 7 Trustee's Application for Employment of General Counsel [Burd & Naylor] [Docs 62 & 63]
11/17/17 - KSN emails counsel regarding status of documents
11/22/17 - Trustee files Notification of Asset Case--Claims Bar Date 02/26/18; Gov't was 10/23/17

UST Form 101-7-TFR (5/1/2011) (Page 13)          **Exhibit A**

Case 8:17-bk-11664-TA    Doc 193    Filed 02/06/20    Entered 02/06/20 12:34:43    Desc
Main Document    Page 13 of 26

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Case No: 17-11664                  Judge: Theodor C. Albert                  Trustee Name: Karen Sue Naylor
Case Name: KIM, HANNAH                                                       Date Filed (f) or Converted (c): 08/11/2017 (c)
                                                                            341(a) Meeting Date: 09/14/2017
For Period Ending: 01/31/2020                                               Claims Bar Date: 02/26/2018

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA) / Gross Value of Remaining Assets |

11/27/17 - Rec'd various docs & email correspondence from counsel [saved in Documents]
11/28/17 - Rec'd BofA info from counsel [saved in Documents]
11/29/17 - Continued 341(a) Hearing - Debtor appeared but her counsel didn't and Debtor was not examined without her counsel present; Creditors appeared; Trustee wants a meeting at her office with Debtor and her counsel; cont'd to 12/13/17
12/04/17 - Email from Debtor's counsel re 2016 refund applied to prior year tax liability and FTB refund was $395 received on 03/24/17 as shown on bank statement [saved in Docs]
12/13/17 - Continued 341(a) Hearing - Appearance excused; cont'd to 01/17/18
12/13/18 - Order [Doc 69] Authorizing Chapter 7 Trustee's Application for Employment of General Counsel [Burd & Naylor]
12/14/17 - Trustee served with Amended Schedules [Doc 72]
01/17/18 - Continued 341(a) Hearing - Appearance excused; Trustee awaiting proposal from Debtor; cont'd to 02/07/18
02/07/18 - Continued 341(a) Hearing - Appearance excused; Settlement discussions on-going; cont'd to 03/28/18
02/26/18 - Claims Bar Date; Gov't was 10/23/17
03/28/18 - Continued 341(a) Hearing - Appearance excused; cont'd to 06/06/18
03/29/18 - Order [Doc 87] Approving Stipulation Extending Time for the Chapter 7 Trustee and the Office of the United States Trustee and All Creditors to Object to the Discharge of the Debtor Pursuant to Title 11 USC Section 727 and for Creditors to Object to the Dischargeability of Certain Debts Pursuant to Title 11 USC Section 523--Ordered: Deadlines extended to 10/01/18
03/30/18 - Extended 523 and 727 deadline
04/11/18 - Trustee files Motion to Employ Substitute General Bankruptcy Counsel for Chapter 7 Trustee
04/27/18 - Trustee served with Notice of Opposition and Request for a Hearing [re Motion to Employ Substitute General Counsel]
04/30/18 - Trustee files Notice of Hearing re Motion to Employ Substitute General Bankruptcy Counsel for Chapter 7 Trustee, Karen Sue Naylor; hrg 05/22/18 11:00 5B
05/15/18 - Trustee's Proposed Counsel files Reply to Opposition of Kring & Chung, LLP to Motion to Employ Substitute General Counsel for Chapter 7 Trustee; hrg 05/22/18 11:00 5B
05/17/18 - Trustee prepares claims analysis
05/23/18 - Trustee served with Notice of Further Hearing re Motion to Employ Substitute General Bankruptcy Counsel for Chapter 7 Trustee, Karen Sue Naylor; hrg 06/26/18 11:00 5B
06/06/18 - Continued 341(a) Hearing - Appearance excused; cont'd to 09/05/18
06/13/18 - Letter from Trustee's Counsel to John Kim responding to his June 11, 2018 letter re resolution
06/28/18 - Order [Doc 108] Granting Chapter 7 Trustee's Motion to Employ Substitute General Bankruptcy Counsel for Chapter 7 Trustee, Karen Sue Naylor [Ringstad & Sanders]
08/26/18 - KSN emails Debtor's counsel again informing them the 341(a) hearing is going forward on 09/05/18 and requested evidence that the insurance is current on the real property and a copy of the policy; and a copy of the current mortgage statement and evidence that the mortgage is current on the property.
09/05/18 - Counsel calls at 11:41 am advising she is stuck in Inglewood and unable to be there by 1:00; JZ advised hrg on calendar says 12:00 pm, she said her end has always shown 1:00 pm. Either way, cannot attend, was hoping to be called another time, JZ offered to send email to KSN & WMB, but advised no guarantee of receipt or response.
09/05/18 - Continued 341(a) Hearing - Debtor appeared but her attorney could not appear. Debtor not examined; Trustee's Counsel and creditor's counsel appeared; Debtor to produce evidence of mortgage payments made since BK filing; cont'd to 10/04/18
09/05/18 - Rec'd homeowner's insurance and most recent mortgage statement [Saved in Docs]
10/01/18 - Extended 523 and 727 deadline--Note: G.F. Korea has 523 judgment
10/02/18 - Trustee served with MFR of Federal National Mortgage Association re Real Property located at 4371 Pioneer Street, Irvine, Ca 92604; hrg 11/06/18 10:30 5B

**Exhibit A**

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Case No: 17-11664 | Judge: Theodor C. Albert | Trustee Name: Karen Sue Naylor
Case Name: KIM, HANNAH | | Date Filed (f) or Converted (c): 08/11/2017 (c)
| | 341(a) Meeting Date: 09/14/2017
For Period Ending: 01/31/2020 | | Claims Bar Date: 02/26/2018

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA) / Gross Value of Remaining Assets |

10/03/18 - Email from KSN to CY/JT requesting updated values

10/04/18 - Continued 341(a) Hearing - All appeared; Debtor to produce loan modification offer; full insurance policy and info if insurance policy is for FMV or dwelling; cont'd to 12/19/18

10/05/18 - CY/JT Updated VALUE: $759,000 to $789,000  Last Sale at 100 square feet smaller and in Tract Sold for $825,000.  It was completely updated throughout.  At approximately $60,000 per 1,500 square feet for updating costs that would put this property at this value in this current market.

10/22/18 - Trustee's Counsel files Stipulation to Continue Hearing on MFR filed by Fannie Mae re Real Property; hrg 11/06/18 10:30 5B

10/24/18 - Order [Doc 118] Approving Stipulation to Continue Hearing on MFR filed by Fannie Mae re Real Property--Ordered: Hearing continued from 11/06/18 to 03/05/19 10:30 5B

11/30/18 - Complaint filed for Avoidance of Actual Fraudulent Transfer; Avoidance of Constructive Fraudulent Transfer; Recovery of Avoided Transfer; Objection to Claim; Objection of Homestead Exemption; and Turnover (Naylor v. Hannah Kim and William Jang, Adv. No. 8:18-ap-01210-TA);

11/30/18 - Complaint filed for Avoidance of Actual Fraudulent Transfer; Avoidance of Constructive Fraudulent Transfer; Avoidance of Preferential Transfer; Avoidance of Trust Deed for Failure to Comply with California Rules of Professional Conduct; Recovery of Avoided Transfer; Objection to Claim; An Accounting; and Disgorgement (Naylor v. Kring & Chung, LLP, Adv. No. 8:18-ap-01211-TA)

12/16/18 - KSN emails counsel to inform counsel no appearance is requried on 12/19/18

12/19/18 - Continued 341(a) Hearing - Appearance excused; Hearing concluded--Asset case (Claims Bar Date previously set)

02/20/19 - Order [Doc 125] Approving Stipulation to Continue Hearing on Notice of Motion and Motion for Relief from the Automatic Stay Under 11 USC Section 362--Ordered: Hearing continued from 03/05/19 to 06/04/19 10:30

03/22/19 - Trustee files Chapter 7 Trustee's Application for Employment of Clarence Yoshikane of Coldwell Banker Residential Brokerage as Real Estate Agent

04/29/19 - Trustee's Counsel files Chapter 7 Trustee's Motion to Approve Compromise

04/30/19 - Trustee obtains EIN and opens estate's bank account

05/01/19 - TCB confirmed estate's bank account is open and ready for deposits

05/01/19 - Trustee deposits one (1) check in the amount of $23,000.00 from Patricia M. Duong for Kenny Duong & Patricia Bui as deposit for purchase of real property located at 4371 Pioneer St, Irvine, CA 92604--Offer $750,000.00

05/10/19 - Order [Doc 134] Granting Chapter 7 Trustee's Application for Employment of Clarence Yoshikane of Coldwell Banker Residential Brokerage as Real Estate Agent

05/24/19 - Order [Doc 139] Approving Stipulation to Continue Hearing on MFR Filed by Federal National Mortgage Association--Ordered: Hearing continued from 06/04/19 to 08/06/19 10:30 5B

05/31/19 - Order [Doc 141] Granting Chapter 7 Trustee's Motion to Approve Compromise

06/03/19 - Trustee's Counsel files Chapter 7 Trustee's Motion for Order: (1) Approving Sale of Real Property Pursuant to 11 USC Section 363(b) and (f); (2) Approving Compensation of Real Estate Broker; (3) Approving Overbid Procedures; (4) Approving Distribution of Sale Proceeds; (5) For a Good Faith Finding Pursuant to 11 USC Section 363(m); (6) For Turnover; and (7) Waiver of the Stay of Rule 6004(h); hrg 06/25/19 11:00 5B

06/11/19 - Trustee served with [Secured Creditor Nationstar Mortgage LLC dba Mr. Cooper's] Limited Opposition to Trustee's Motion for Order Approving Sale; hrg 06/25/19 11:00 5B

06/18/19 - Trustee's Counsel files Chapter 7 Trustee's Reply to Limited Opposition

06/25/19 - Hearing 11:00 on Trustee's Sale Motion

06/27/19 - Rec'd updated PTR from D. Tognetti "updated 06/17/19" showing buyer Kenny Duong on page 1 [Saved in Docs]

06/27/19 - Order [Doc 152] on Sale Motion

07/01/19 - Trustee's Counsel files Application of Chapter 7 Trustee for Amended Order Granting Motion for Order: (1) Approving Sale of Real Property Pursuant to 11 U.S.C. Section 363(b) and (f); (2) Approving Compensation of Real Estate Broker; (3) Approving Overbid Procedures; (4) Approving Distribution of Sale Proceeds; (5) for a Good Faith Finding Pursuant to 11 U.S.C. Section 363(m); (6) for Turnover; and (7) Waiver of the Stay of Rule 6004(h)

**Exhibit A**

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Case No: **17-11664**
Case Name: **KIM, HANNAH**

Judge: **Theodor C. Albert**

Trustee Name: **Karen Sue Naylor**
Date Filed (f) or Converted (c): **08/11/2017 (c)**
341(a) Meeting Date: **09/14/2017**

For Period Ending: **01/31/2020**

Claims Bar Date: **02/26/2018**

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA) / Gross Value of Remaining Assets |

07/02/19 - Amended Order [Doc 155] on Motion of Chapter 7 Trustee for Order Approving Sale, etc.
07/19/19 - Order [Doc 158] Approving Stipulation to Continue Hearing on MFR Filed by Federal National Mortgage Association--Ordered: Hearing continued from 08/06/19 to 10/08/19 10:30 5B
07/26/19 - Order [Doc 161] Approving Stipulation re Allowance of Claim of G.F. Korea, Inc. (Claim No. 3)--Ordered: Stipulation approved
08/08/19 - Trustee deposits one (1) check in the amount of $215,021.46 from Pickford Escrow as proceeds from sale of real property
08/19/19 - Trustee files Trustee's Report of Sale Pursuant to FRBP 6004(f)(1)
08/22/19 - Trustee issues Check No. 51001 in the amount of $39.26 to International Sureties in payment of Bond Increase Premium
09/30/19 - Trustee served with Amended Schedule C [Doc 171]
09/30/19 - Debtor's Change of Address [Doc 172]
10/10/19 - Trustee deposits one (1) check in the amount of $2,425.07 from Nationstar Mortgage LLC dba Mr. Cooper as refund of overpayment on First Trust Deed
10/11/19 - Trustee forwards case files and Forms 1&2 to Don Fife re employment as accountant and preparation of the estate's final tax returns
10/22/19 - Email to Don re creditor not purchasing appellate rights after all, okay to proceed with preparing the tax returns
10/24/19 - Trustee files Application by Chapter 7 Trustee to Employ Hahn Fife & Company LLP as Accountant
10/29/19 - Trustee reviews, executes, and returns estate's final tax returns to Accountant
11/18/19 - Email to Don requesting taxing authorities receipt date of tax returns; Don replied 11/07/19
11/22/19 - Order [Doc 177] Granting Application by Chapter 7 Trustee to Employ Hahn Fife & Company, LLP as Accountant
12/05/19 - Trustee files Notice to Professionals to File Applications for Compensation; and Request for Court Costs
12/05/19 - Trustee served with Notice of Court Costs Due--Complaint $700.00
12/06/19 - Tax Clearance Letter dated 11/25/19 received
12/17/19 - Trustee's Counsel files Application for Payment of: Final Fees [$12,610.00] and/or Expenses [$20.95] of Burd & Naylor
12/24/19 - Trustee's Counsel files Application for Payment of: Final Fees [$81,615.50] and/or Expenses [$883.93] of Ringstad & Sanders
01/06/20 - Trustee's Accountant files First and Final Fee Application of Hahn Fife & Company for Allowance of Fees [$1,732.00] & Expenses [$261.40] from October 11, 2019 Through January 4, 2020
01/27/20 - Trustee begins preparation of the Uniform Final Report

Initial Projected Date of Final Report(TFR) : 12/31/2022    Current Projected Date of Final Report(TFR) : 12/31/2022

Trustee's Signature    /s/Karen Sue Naylor    Date: 01/31/2020
Karen Sue Naylor
4343 Von Karman Avenue, Suite 300
Newport Beach, CA 92660-2098
Phone : (949) 748-7936

UST Form 101-7-TFR (5/1/2011) (Page 16)

**Exhibit A**

Case 8:17-bk-11664-TA    Doc 193    Filed 02/06/20    Entered 02/06/20 12:34:43    D
Main Document    Page 16 of 26

Case No: 17-11664

Case Name: KIM, HANNAH

Taxpayer ID No: **-***2856

For Period Ending: 1/31/2020

Trustee Name: Karen Sue Naylor

Bank Name: Texas Capital Bank

Account Number/CD#: ******7223

Account Name Checking Account

Blanket bond (per case limit): 5,000,000.00

Separate bond (if applicable): 0.00

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or [Refer#] | Paid To / Received From | Description of Transaction | Uniform Trans. Code | Deposits($) | Disbursements($) | Account/ CD Balance($) |
| 05/01/2019 | [1] | PATRICIA M DUONG for Kenny Duong & Patricia Bui | Deposit for Purchase of Real Property--Cashier's Check No. 1133647365, dated 04/30/19 | 1110-000 | 23,000.00 | | 23,000.00 |
| 08/08/2019 | | PICKFORD ESCROW | Proceeds from Sale of Real Property--Check No.172659, dated 08/06/19 (Total sale of $750,000.00 less previous deposit of $23,000.00) | | 215,021.46 | | 238,021.46 |
| | [1] | | 727,000.00 | 1110-000 | | | |
| | | | (221.80) | 2420-000 | | | |
| | | | (6,636.88) | 2500-000 | | | |
| | | | (45,000.00) | 3510-000 | | | |
| | | | (460,119.86) | 4110-000 | | | |
| 08/22/2019 | 51001 | INTERNATIONAL SURETIES, LTD. One Shell Square 701 Poydras Street, Suite 420 New Orleans, LA 70139 | Bond Increase Premium--Blanket Bond No. 016030867, Term 01/04/19 to 01/04/20 | 2300-000 | | 39.26 | 237,982.20 |
| 10/10/2019 | | NATIONSTAR MORTGAGE LLC dba MR. COOPER | Refund of overpayment on First Trust Deed--Check No. 1009345574, dated 10/07/19 | 4110-000 | | (2,425.07) | 240,407.27 |
| | | | Page Subtotals | | 238,021.46 | (2,385.81) | |

**Exhibit B**

Case 8:17-bk-11664-TA    Doc 193    Filed 02/06/20    Entered 02/06/20 12:34:43    D
Main Document    Page 17 of 26

Case No: 17-11664

Case Name: KIM, HANNAH

Taxpayer ID No: **-***2856

For Period Ending: 1/31/2020

Trustee Name: Karen Sue Naylor

Bank Name: Texas Capital Bank

Account Number/CD#: ******7223

Account Name Checking Account

Blanket bond (per case limit): 5,000,000.00

Separate bond (if applicable): 0.00

| 1 | 2 | 3 | 4 | Uniform Trans. Code | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or [Refer#] | Paid To / Received From | Description of Transaction | | Deposits($) | Disbursements($) | Account/ CD Balance($) |
| | | | Page Subtotals | | | | |

|  |  | | |
|---|---|---|---|
| **COLUMN TOTALS** | 238,021.46 | (2,385.81) | |
| Less:Bank Transfer/CD's | 0.00 | 0.00 | |
| **SUBTOTALS** | 238,021.46 | (2,385.81) | |
| Less: Payments to Debtors | | 0.00 | |
| **Net** | 238,021.46 | (2,385.81) | |

| | |
|---|---|
| All Accounts Gross Receipts: | 750,000.00 |
| All Accounts Gross Disbursements: | 509,592.73 |
| All Accounts Net: | 240,407.27 |

| TOTAL-ALL ACCOUNTS | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| ******7223 Checking Account | 238,021.46 | -2,385.81 | |
| **Net Totals** | 238,021.46 | -2,385.81 | 240,407.27 |

**Exhibit B**

Case 8:17-bk-11664-TA Doc 1593 Filed 02/06/20 Entered 02/06/20 12:34:43 Main Document Page 18 of 26

# Central District of California
# Claims Register

<u>8:17-bk-11664-TA Hannah Kim</u> **Converted** 08/11/2017

| | |
|---|---|
| **Judge:** Theodor Albert | **Chapter:** 7 |
| **Office:** Santa Ana | **Last Date to file claims:** 02/26/2018 |
| **Trustee:** Karen S Naylor (TR) | **Last Date to file (Govt):** 10/23/2017 |

| Creditor: (37765560) *Payments:* Internal Revenue Service PO Box 7346 *PO Box 7317* Philadelphia, PA 19101 | Claim No: 1 Original Filed Date: 05/04/2017 Original Entered Date: 05/04/2017 Last Amendment Filed: 01/29/2020 Last Amendment Entered: 01/29/2020 *Sch'd 600.00* | Status: Filed by: CR Entered by: Timothy C Schakow Modified: |
|---|---|---|

*GUC*

| Amount | claimed: | $272.50 | | *Amended by Claim No. 1-2* *$233.33 GUC* *39.17 Sub. penalties + interest* *$272.50* *(OK)* |
|---|---|---|---|---|
| Secured | claimed: | $0.00 | | |
| Priority | claimed: | $0.00 | | |

| History: | | | | |
|---|---|---|---|---|
| Details | ● | 1-1 | 05/04/2017 | Claim #1 filed by Internal Revenue Service, Amount claimed: $558.50 (Hill, Maria) |
| Details | ● | 1-2 | 01/29/2020 | Amended Claim #1 filed by Internal Revenue Service, Amount claimed: $272.50 (Schakow, Timothy) |

Description:

Remarks:

| Creditor: (37808127) BBVA Compass ✓ PO Box 10566 Birmingham, AL 35296 | Claim No: 2 Original Filed Date: 05/16/2017 Original Entered Date: 05/17/2017 | Status: Filed by: CR Entered by: Sally Daniels Modified: *Sch'd 20,000.00* |
|---|---|---|

*GUC*

| Amount | claimed: | $19676.58 | | *(OK)* |
|---|---|---|---|---|

| History: | | | | |
|---|---|---|---|---|
| Details | ● | 2-1 | 05/16/2017 | Claim #2 filed by BBVA Compass, Amount claimed: $19676.58 (Daniels, Sally) |

Description:

Remarks:

| Creditor:      (37913419)<br>G F Korea, Inc ✔<br>Law Office of Charles L Murray<br>444 S Flower St, Ste 2530<br>Los Angeles, CA 90071 | **Claim No: 3**<br>*Original Filed<br>Date:* 06/30/2017<br>*Original Entered<br>Date:* 07/03/2017<br>*Last Amendment<br>Filed:* 08/13/2019<br>*Last Amendment<br>Entered:* 08/13/2019 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Charles L Murray, III<br>*Modified:* 08/14/2019<br><br>*Sch'd 490,000.00 - Disputed* |
|---|---|---|

*GUC*  Amount claimed: $504379.78    *Amended by Claim No. 3-3*    (OK)
                                     $ 350,023.62 GUC
                                     $ 154,356.16 Substituted GUC

| History: | | | |
|---|---|---|---|
| Details 🌐 | 3-1 | 06/30/2017 | Claim #3 filed by G F Korea, Inc, Amount claimed: $516329.40 (Daniels, Sally) |
| Details 🌐 | 3-2 | 08/12/2019 | Amended Claim #3 filed by G F Korea, Inc, Amount claimed: $516329.40 (Murray, Charles) |
| Details ✗ | 3-3 | 08/13/2019 | Amended Claim #3 filed by G F Korea, Inc, Amount claimed: $504379.78 (Murray, Charles) |
| | 168 | 08/14/2019 | Withdrawal of Claim(s): 3 -2 Filed by Creditor G F Korea, Inc. (Murray, Charles) |

*Description:*

*Remarks:* (3-2) Notice of Withdrawal of Proof of Claim No 3-2 filed by G F Korea filed on 8/14/2019 - Doc. #168

---

| Creditor:      (37955329)<br>American Express Centurion Bank ✔<br>c/o Becket and Lee LLP<br>PO Box 3001<br>Malvern PA 19355-0701 | **Claim No: 4**<br>*Original Filed<br>Date:* 07/26/2017<br>*Original Entered<br>Date:* 07/26/2017 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Greg Deegan<br>*Modified:*<br><br>*Sch'd 8,050.00* |
|---|---|---|

*GUC*  Amount claimed: $8078.54    (OK)

| History: | | | |
|---|---|---|---|
| Details 🌐 | 4-1 | 07/26/2017 | Claim #4 filed by American Express Centurion Bank, Amount claimed: $8078.54 (Deegan, Greg) |

*Description:*

*Remarks:*

---

| Creditor:      (38012936)<br>Hyundai Lease Titling Trust ✔<br>PO Box 20809<br>Fountain Valley, CA 92728 | **Claim No: 5**<br>*Original Filed<br>Date:* 08/23/2017<br>*Original Entered* | *Status:*<br>*Filed by:* CR<br>*Entered by:* Elisa Galvan<br>*Modified:* |
|---|---|---|

| History: | | | |
|---|---|---|---|
| Details 🌐 | 5-1 | 08/23/2017 | Claim #5 filed by Hyundai Lease Titling Trust, Amount claimed: $2199.49 (Galvan, Elisa) |
| Details 🌐 | 5-2 | 08/15/2019 | Amended Claim #5 filed by Hyundai Lease Titling Trust, Amount claimed: $6742.23 (Galvan, Elisa) |
| Details 🌐 | 5-3 | 08/15/2019 | Amended Claim #5 filed by Hyundai Lease Titling Trust, Amount claimed: $6842.23 (Galvan, Elisa) |

*Description:* (5-1) 2015 Hyundai Elantra KMHDH4AEXFU279966

*Remarks:*

Date: 08/23/2017
*Last Amendment Filed:* 08/15/2019
*Last Amendment Entered:* 08/15/2019

Sch'd "unknown"

GUC

| Amount | claimed: | $6842.23 | | | Amended by Claim No. 5-3 | OK |

*History:*

| Details | ℹ | 5-1 | 08/23/2017 | Claim #5 filed by Hyundai Lease Titling Trust, Amount claimed: $2199.49 (Galvan, Elisa) |
| Details | ℹ | 5-2 | 08/15/2019 | Amended Claim #5 filed by Hyundai Lease Titling Trust, Amount claimed: $6742.23 (Galvan, Elisa) |
| Details | ℹ | 5-3 | 08/15/2019 | Amended Claim #5 filed by Hyundai Lease Titling Trust, Amount claimed: $6842.23 (Galvan, Elisa) |

*Description:* (5-1) 2015 Hyundai Elantra KMHDH4AEXFU279966

*Remarks:*

---

| *Creditor:* (38043118)<br>Kring & Chung LLP<br>Kring & Chung LLP c/o Kenneth Chung Esq<br>38 Corporate Park<br>Irvine CA 92606 | **Claim No: 6**<br>*Original Filed Date:* 09/07/2017<br>*Original Entered Date:* 09/07/2017 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Jai H Kim<br>*Modified:* |

Sch'd 350,000.00

| Amount | claimed: | $287030.31 | | | | |
| Secured | claimed: | $287030.31 | | | Adjudicated as disallowed in the adversary | X |

*History:*

| Details | ℹ | 6-1 | 09/07/2017 | Claim #6 filed by Kring & Chung LLP, Amount claimed: $287030.31 (Kim, Jai) |

*Description:* (6-1) Services performed by attorney, secured by deed of trust against debtor's residential property

*Remarks:*

---

| *Creditor:* (38206605)<br>FRANCHISE TAX BOARD ✓<br>BANKRUPTCY SECTION MS A340<br>PO BOX 2952<br>SACRAMENTO CA 95812-2952 | **Claim No: 7**<br>*Original Filed Date:* 11/30/2017<br>*Original Entered Date:* 11/30/2017<br>*Last Amendment Filed:* 08/09/2018<br>*Last Amendment Entered:* 08/09/2018 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Bee Xiong<br>*Modified:* |

Sch'd "Unknown"

*History:*    Amended by Claim No. 7-2 to $0.00    OK

| Details | ℹ | 7-1 | 11/30/2017 | Claim #7 filed by FRANCHISE TAX BOARD, Amount claimed: $394.40 (Takhar, Parminderjit) |
| Details | ℹ | 7-2 | 08/09/2018 | Amended Claim #7 filed by FRANCHISE TAX BOARD, Amount claimed: $0.00 (Xiong, Bee) |

*Description:* (7-1) Claim Filed<br>(7-2) Claim Filed

*Remarks:*

| Amount | claimed: | $0.00 | |
| Priority | claimed: | $0.00 | |

| *History:* | | | |
|---|---|---|---|
| Details | 7-1 | 11/30/2017 | Claim #7 filed by FRANCHISE TAX BOARD, Amount claimed: $394.40 (Takhar, Parminderjit) |
| Details | 7-2 | 08/09/2018 | Amended Claim #7 filed by FRANCHISE TAX BOARD, Amount claimed: $0.00 (Xiong, Bee) |

*Description:* (7-1) Claim Filed
(7-2) Claim Filed

*Remarks:*

---

| *Creditor:* (37808127) BBVA Compass PO Box 10566 Birmingham, AL 35296 | **Claim No: 8** *Original Filed Date:* 12/11/2017 *Original Entered Date:* 12/11/2017 | *Status:* Withdraw 138 *Filed by:* CR *Entered by:* Amanda Furgerson Higginbotham *Modified:* |
|---|---|---|

| Amount | claimed: | $19768.83 | | Withdrawal of Claim filed 5/22/19 (Doc 138) | ✗ |

| *History:* | | | |
|---|---|---|---|
| Details | 8-1 | 12/11/2017 | Claim #8 filed by BBVA Compass, Amount claimed: $19768.83 (Higginbotham, Amanda) |
| ✗ | 138 | 05/22/2019 | Withdrawal of Claim(s): 8 Filed by Creditor BBVA Compass Bank. (Stiltner, Ginger) Status: Withdraw |

*Description:* (8-1) Money Loaned

*Remarks:*

---

| *Creditor:* (38296009) Capital One Bank (USA), N.A. ✓ PO Box 71083 Charlotte, NC 28272-1083 | **Claim No: 9** *Original Filed Date:* 01/25/2018 *Original Entered Date:* 01/25/2018 | *Status:* *Filed by:* CR *Entered by:* Ashley Boswell *Modified:* Sch'd 1,100.00 |
|---|---|---|

GUC | Amount | claimed: | $1057.68 | | | (OK) |

| *History:* | | | |
|---|---|---|---|
| Details | 9-1 | 01/25/2018 | Claim #9 filed by Capital One Bank (USA), N.A., Amount claimed: $1057.68 (Boswell, Ashley) |

*Description:*

*Remarks:*

---

## Claims Register Summary

**Case Name:** Hannah Kim
**Case Number:** 8:17-bk-11664-TA
**Chapter:** 7

**Date Filed:** 04/26/2017
**Total Number Of Claims:** 9

| Total Amount Claimed* | $847392.45 |
|---|---|
| Total Amount Allowed* | |

*Includes general unsecured claims

**The values are reflective of the data entered. Always refer to claim documents for actual amounts.**

| | Claimed | Allowed |
|---|---|---|
| Secured | $287030.31 | |
| Priority | $0.00 | |
| Administrative | | |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 01/27/2020 12:06:59 | | | |
| PACER Login: | bn079063:3381008:0 | Client Code: | |
| Description: | Claims Register | Search Criteria: | 8:17-bk-11664-TA Filed or Entered From: 1/1/2001 Filed or Entered To: 1/27/2020 |
| Billable Pages: | 2 | Cost: | 0.20 |

### TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.:  8:17-bk-11664-TA

Case Name:  KIM, HANNAH

Trustee Name:  Karen Sue Naylor

Balance on Hand                                                                  $240,407.27

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee, Fees: KAREN SUE NAYLOR | $ 40,750.00 | $ 0.00 | $ 40,750.00 |
| Trustee, Expenses: KAREN SUE NAYLOR | $ 706.61 | $ 0.00 | $ 706.61 |
| Attorney for Trustee, Fees: BURD & NAYLOR | $ 12,610.00 | $ 0.00 | $ 12,610.00 |
| Attorney for Trustee, Fees: RINGSTAD & SANDERS LLP | $ 81,615.50 | $ 0.00 | $ 81,615.50 |
| Attorney for Trustee, Expenses: BURD & NAYLOR | $ 20.95 | $ 0.00 | $ 20.95 |
| Attorney for Trustee, Expenses: RINGSTAD & SANDERS LLP | $ 883.93 | $ 0.00 | $ 883.93 |
| Accountant for Trustee, Fees: HAHN FIFE & COMPANY, LLP | $ 1,732.00 | $ 0.00 | $ 1,732.00 |
| Accountant for Trustee, Expenses: HAHN FIFE & COMPANY, | $ 261.40 | $ 0.00 | $ 261.40 |
| Charges: U.S. Bankruptcy Court | $ 700.00 | $ 0.00 | $ 700.00 |

Total to be paid for chapter 7 administrative expenses                    $      139,280.39

Remaining Balance                                                                $      101,126.88

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed Priority Claims are:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 00007-2 | FRANCHISE TAX BOARD | $ 0.00 | $ 0.00 | $ 0.00 |

Total to be paid to priority creditors                                    $        0.00

Remaining Balance                                                        $    101,126.88

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $385,911.98 have been allowed and will be paid pro rata only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 26.2 %, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 00001-2A | INTERNAL REVENUE SERVICE | $ 233.33 | $ 0.00 | $ 61.15 |
| 00002 | BBVA Compass | $ 19,676.58 | $ 0.00 | $ 5,156.18 |
| 00003-3A | G F Korea, Inc | $ 350,023.62 | $ 0.00 | $ 91,722.46 |
| 00004 | American Express Centurion Bank | $ 8,078.54 | $ 0.00 | $ 2,116.95 |
| 00005-3 | Hyundai Lease Titling Trust | $ 6,842.23 | $ 0.00 | $ 1,792.98 |
| 00009 | Capital One Bank (USA), N.A. | $ 1,057.68 | $ 0.00 | $ 277.16 |

Total to be paid to timely general unsecured creditors                    $    101,126.88

Remaining Balance                                                        $        0.00

Tardily filed claims of general (unsecured) creditors totaling $0.00 have been allowed and will be paid pro rata only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be  0.0 %, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $154,395.33 have been allowed and will be paid pro rata only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 %, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 00001-2B | INTERNAL REVENUE SERVICE | $              39.17 | $              0.00 | $              0.00 |
| 00003-3B | G F Korea, Inc | $        154,356.16 | $              0.00 | $              0.00 |

Total to be paid to subordinated creditors                                            $              0.00

Remaining Balance                                                                        $              0.00